NEW-YORK,
May, 1834.

Osborne
v.
Kerr.

---

## OSBORNE *vs.* KERR.

A *superintendent* of the canals is not *personally* responsible for work done or materials found at his request, for the repair of the canals or works connected therewith, unless it is manifest that it was the *intention* of the parties that he should be personally liable. A naked promise to pay is not enough in such case to create a personal obligation.

ERROR from the Erie common pleas. Kerr sued Osborne in a justice's court. Osborne was a *superintendent* of the Erie canal, and employed Kerr to get out a quantity of timber to repair a *waste-wier*, and also to rebuild a bridge. Osborne said he would pay what was right. The timber was got out and the bridge repaired. It was generally known that Osborne

Evans
v.
Moran.

was a superintendent. There was some doubt from the evidence whether Kerr had been fully paid. The justice gave judgment for the defendant, which judgment the Erie C. P. on *certiorai* reversed. Osborne sued out a writ of error.

*T. T. Sherwood*, for the plaintiff in error.

*S. Smith*, for the defendant in error.

*By the Court*, NELSON, J. I think the common pleas erred in *reversing* the judgment of the justice, both upon the facts and law of the case; though the judgment would not be disturbed upon the former ground. It is clear that the defendant acted in the capacity of a public agent, and such fact was well known to the plaintiff below. There is nothing in the evidence to warrant the conclusion that the defendant intended to bind himself *personally* for the price of this timber. As such agent he intended no doubt to see the plaintiff paid, which was a part of his public duty, and sufficiently rebuts any inference of personal obligation, to be drawn from the contract. made. The law on this point is too well and correctly settled to require examination. 12 Johns. R. 448. 18 id. 128. 8 Cowen, 191. 1 Cranch, 143.

Judgment reversed.