The order of the District Court, refusing a peremptory *mandamus*, is affirmed.

---

St. A. D. Balcombe, Appellant, vs. Anson Northup and Franklin Steele, Respondents.

APPEAL FROM THE DISTRICT COURT OF BLUE EARTH COUNTY.

On a motion for judgment on the pleadings by the Plaintiff, on the ground of an insufficient answer, if the complaint shows no right of action in the Plaintiff he is not entitled to judgment.

Whenever a public officer makes a contract or engagement, which is fairly within the scope of his authority, the presumption of law is that he made it officially and in his public character, unless the contrary appears by satisfactory evidence.

St. A. D. Balcombe v. Northup et al.

A. N. and F. S. executed a note in the following words: "For value received we or either of us promise to pay to I. E. F., United States Indian Agent, his successors in office or order, for the use of the Winnebago tribe of Indians, on the 22d day of May, A. D. 1856, at the office of the Superintendent of Indian Affairs for the Territory of Minnesota, twenty-three hundred and fifty dollars, with interest at the rate of ten per cent. per annum from date until paid. And it is agreed that no patent for the lands on which the improvements, for the purchase of which this note is given, as provided by the treaty of February 27, 1855, with the Winnebago Indians, shall be issued until full payment hereof is made." *Held*—that the contract was made with I. E. F., as the agent of the United States, and that he was not a trustee of an express trust.

Where a public officer, acting solely on behalf of his government, within the scope of his authority, enters into a contract or performs any other official act, if his character in the transaction is known, presumptively or in fact, to the other party, a suit thereon must be brought in the name of the government where the redress is sought in its behalf, and a suit in the name of the officer, in the absence of express authority, cannot be maintained.

Points and authorities of counsel for Appellant.

I. Mr. B. in this cause sues merely for the use and benefit of the Indians as trustee of an express trust. *Comp. Sts.*, 535, (29).

II. The title of the complaint is defective in not showing the characters of the Plaintiff, but as such representative character is fully shown in the body of the complaint it is enough—moreover, all such irregularity is waived by answering. *Comp. Sts.*, p. 540, (64, 65, 68, 69,) *Id.*, p. 544, (96); *Van Sant. Pl.*, p. 202 *chap.* 4, *sec.* 1, &c.

III. Mr. B. does not sue here as mere agent, *but as a trustee of Defendant's own creation.* He is made *quoad* a trust for these Indians by Defendant's own act which he is estopped to repudiate. *Story on Agency*, sec. 394 *seq.*, *and Notes; Dunlap's Pailey on Agency*, *chap.* 5, *Note.*

IV. Defendants admit their liability on the notes and the only question properly remaining is, *will a judgment for the Plaintiff in the suit bar another action on the notes?* If it will Defendant can suffer no injury, and we know of no principle of law which enables him ex-officio to escape paying his own notes to the very person he undertook to on the ground that the trustee may prove recreant. It is a mere pretense. 2 *Minn.*, 44; 16 *Pick.*, 381;

St. A. D. Balcombe v. Northup et al.

8 *Mass.*, 103 ; 2 *Hill*, 216 ; 7 *Cowan*, 174 ; 3 *Barn. & Ald.*, 277 ; 4 *Barn. & Cress.*, 664.

Points and authorities of Counsel for Respondents.

I. The Plaintiff shows no title to the notes in suit by endorsement or otherwise, and shows no right to bring the suit in his name as owner of the notes.

II. The Plaintiff is not the proper party to bring the suit on the notes, and the action was properly dismissed on that ground. 1 *Cranch*, 345 ; 10 *John.*, 224 ; *Id.*, 387 ; 12 *Id.*, 159 ; *Story on Agency*, sec. 302, ch. 395, 412, *and authorities cited in Notes; Art.* 1, *Treaty with the Winnebagoes, Feb.* 27, 1855, 10 *U. States Rep.*

BRISBIN & WARNER, with GEO. A. NOURSE, late U. S. District Attorney, Counsel for Appellants.

HORN & GALUSHA, Counsel for Respondent Steele.

*By the Court*—McMILLAN, J.—This action is brought by the Plaintiff to recover upon two promissory notes. The notes differ only as to amounts and dates of payment. The following is a copy of one of the notes as set out in the paper books furnished to the Court:

"For value received we or either of us promise to pay to I. E. Fletcher, United States Indian Agent, his successors in office, or order, for the use of the Winnebago tribe of Indians, on the 22d day of May, A. D. 1856, at the office of the Superintendent of Indian Affairs for the Territory of Minnesota, twenty-three hundred and fifty dollars, with interest at the rate of ten per cent. per annum from date until paid. And it is agreed that no patent for the lands on which the improvements, for the purchase of which this note is given, as provided by the treaty of February 27, 1855, with the Winnebago Indians, shall be issued until full payment hereof is made.

"ANSON NORTHUP,
"FRANKLIN STEELE.
"ST. ANTHONY, M. T., May 22, 1855."

St. A. D. Balcombe v. Northup et al.

After alleging the execution and delivery of the note, and pleading it according to its tenor and effect, the complaint alleges that on the 22d day of May, 1855, and for a long time thereafter, Fletcher was United States Indian Agent for the tribe of Winnebago Indians; that the Plaintiff is and has been for a long time United States Indian Agent for said tribe of Indians, and is the successor of Fletcher, and is the lawful owner and holder of the note; that no part of it has been paid, &c.

The complaint contains a second count on the other note to the same effect.

The Defendant Steele answers and states that he has not sufficient information or knowledge to form a belief as to whether the Plaintiff is the lawful holder and owner of the note, or as to whether Fletcher ever transferred or delivered the note to the Plaintiff.

The cause came on for trial in the court below at June Term, 1863, and before the introduction of any evidence the Plaintiff moved for judgment on the pleadings, on the ground that the answer does not traverse any material allegation in the complaint. The motion was denied, and the Plaintiff excepted.

The notes were then given in evidence, and the Plaintiff rested his case.

Thereupon the Defendant moved for a dismissal of the action on the ground that the Plaintiff had shown no title to the notes sued upon. The motion was granted, and the order for judgment of dismissal entered, to which the Plaintiff excepted.

The Plaintiff thereupon moved for a new trial, which was denied on the ground that the Plaintiff showed no title to the notes, and that the action should have been brought by the United States.

The case comes to this court on appeal by the Plaintiff. If the action cannot be maintained by the Plaintiff, it is immaterial what view is taken as to the question of pleading raised by the Plaintiff on the trial on the motion for judgment on the pleadings. The motion being based on the pleadings in the case, if the complaint

shows no right of action in the Plaintiff, he is not entitled to judgment, and there was no error in refusing the motion.

The determination, therefore, of the question of the Plaintiff's right to maintain the action disposes of the case.

The ground urged by the Plaintiff's counsel that the Plaintiff does not here sue as a mere agent, but as a trustee of an express trust of the Defendant's own making, we think, is not tenable.

Whenever a public officer makes a contract or engagement which is fairly within the scope of his authority, the presumption of law is that he made it officially, and in his public character, unless the contrary appears by satisfactory evidence. *Park vs. Ross*, 11 *How.*, 374.

The notes themselves show that they were made to Fletcher as the Indian Agent of the United States, and his successors in office. It expressly appears that the consideration of the notes was the sale of certain improvements on lands, which are embraced in the provisions of the treaty of February 27, 1855, between the United States and the tribe of Winnebago Indians. By the terms of this treaty these improvements are to be disposed of under the direction of the President of the United States for the benefit of these Indians. The patent for the lands could come from no other source than the United States, and the special agreement in the notes is that no patent shall issue till the notes are paid. All these facts show that the transaction was an official one. In every light in which this contract can be reasonably viewed, both as a matter of fact and presumption of law, its construction must be that it was made with Fletcher as the agent of the United States. In the whole matter he acted as a public officer, the Agent of the Government.

Where a public officer, acting solely on behalf of his government, within the scope of his authority, enters into a contract or performs any other official act, if his official character in the transaction is known presumptively or in fact to the other party, a suit thereon must be brought in the name of the government when the redress is sought in its behalf; and a suit in the name of the officer, in the absence of express authority, cannot be maintained.

The rule that the officer in such case, in the absence of an express intention to bind himself, is not liable, is well settled. *Macbeath vs. Haldimand*, 1 *Term R.*, 172; *Umvin vs. Wolselsy*, *Id.*, 674; *Jones vs. La Tombe*, 3 *Dall.*, 384; *Hodgson vs. Dexter*, 1 *Cranch*, 345; *Parks vs. Ross*, 11 *How. R.*, 362; *Osborne vs. Kerr*, 12 *Wend.*, 179; 2 *Kent*, 632; *Story on Agency*, sec. 302, *et seq.*

If in such case the Agent incurs no personal responsibility, and the liability is thrown entirely upon the government, it would seem but reasonable that the party incurring the liability should also enjoy the privileges conferred, and such is the tenor of the authorities upon the question.

After treating upon the personal liability of public agents, and stating the reasons for the rule exempting them from liability on official contracts, Judge Story says, "By a parity of reasoning, upon any such contract, entered into by a public agent on behalf of the government, no suit lies by him, but it must be brought in the name of the government against the other contracting party." *Story on Agency*, sec. 302.

In *Hodgson vs. Dexter*, already cited, Chief Justice Marshall, delivering the opinion of the Court, says: "It is too clear to be controverted that where a public agent acts in the line of his duty and by legal authority, his contracts made on account of the government are public and not personal. They *enure to the benefit of*, and are obligatory on, the *government, not the officer.*"

*Bowen vs. Morris*, 2 *Taunt.*, 374, (in error) was an action involving the same principle. Bowen, the highest bidder for certain lands sold by auction, and Morris, the Mayor of the Borough of Caermarthen, on behalf of himself and the rest of the Burgesses or Commonalty of the Borough, the vendors of the lands, signed a contract in which they mutually promised to fulfill the conditions of sale on their respective parts. The conditions stated the title of the corporation to the premises and stipulated that they might resell on default. The only act to be done by Morris was to receive a certain deposit. The action was brought by Morris in his individual capacity. It was held by the court

that the Plaintiff could not maintain an action in his individual capacity against the purchaser for breach of the contract. That the case was within the same principle which governed the case of *Macbeath vs. Haldimand.*

We think the action in this case was properly dismissed, and the motion for a new trial was properly denied.

The order appealed from is affirmed.