MILTON B. PULLEN and another *vs.* JOSEPH A. WRIGHT.

December 4, 1885.

Pleading—Denial—Negative Pregnant.—A denial, in the conjunctive form, of several allegations conjunctively stated in a pleading, and in the words of such allegations, is bad, and raises no issue.

Same—Insufficient Denial of Warranty.—So, also, a denial, in the words alleged, that plaintiff warranted all of several kinds of property described, comprising a stock of goods, is insufficient.

Sale — Warranty—Damages must be Proved, though not Denied.— Where the unmerchantable quality of goods alleged to have been warranted is denied, the question of damages, depending upon the relative value of the goods as warranted, and as in fact found to be, is for the jury. And in such case the damages, being unliquidated, and dependent upon the condition and value of the goods, must be proved notwithstanding an untraversed allegation of damages in a particular sum.

Appeal by defendant from a judgment of the municipal court of Minneapolis. The action was tried by a jury, and at the close of the testimony, a verdict was directed for plaintiffs for the amount claimed in the complaint.

*Brooks & Hendrix,* for appellant.

*I. W. Arnold,* for respondents.

VANDERBURGH, J. The action is brought upon a promissory note, representing a part of the purchase price of a stock of goods. The answer sets up a counterclaim, alleging a warranty by plaintiffs of the quality of the goods, including certain articles specifically mentioned, and also alleging a breach and damages. The reply undertakes to deny certain parts and allegations of the answer specifically, and also contains a general denial.

The attempted specific denials of the warranty are insufficient. For example, conjunctive allegations are denied conjunctively. Thus, the plaintiffs say: "They deny that they warranted and represented that said chest of tea was full and wholly occupied by tea, and that said baking powder and molasses was good and merchantable." Plaintiffs also deny "that they warranted and represented that all of the said property was of good quality." These denials severally involve a negative pregnant, and are insufficient. *Pottgieser* v. *Dorn,* 16 Minn. 180, (204.) Allegations thus specifically attempted to be denied are not included in a general denial in the same pleading, which assumes to deny each allegation not previously denied. A party cannot be permitted to experiment in this way. His intention as to such allegations is sufficiently indicated by the form of denial selected, whether it is construed to be good or bad. The alleged warranty of the goods, including certain boxes of baking powder and barrels of molasses, is therefore admitted, as well as a warranty of the quantity of tea.

The answer alleged simply that the first-named articles were damaged and unmerchantable, and were worth $42 and $25, respectively, less than the plaintiffs warranted them to be. This is equivalent to a statement that defendant was damaged in such amount, without any allegation of the value of these goods in a sound condition. The reply puts in issue the damaged condition of the goods, by alleging affirmatively that they were sound and merchantable. The defendant was therefore driven to show that they were unmerchantable, and, as a necessary consequence, to prove the amount of his damages. But the extent of his damages could only be shown by evidence of

the sound value of the goods as warranted, and their actual value as found to be. The defendant's evidence fell short of this. He merely offered testimony tending to show the unsound condition of the goods. There was therefore no basis for an estimate of damages by the jury.

The damages being unliquidated, and necessarily dependent upon the value and condition of the goods, the separate allegation of the amount thereof was not, by itself, the proper subject of a denial. It is a case where the damages must be assessed. 2 Wait, Pr. 418. It is difficult to make much of the reply in this case, and the answer is inartificially and carelessly drawn; but in respect to defendant's claim for loss on the tea, we think the allegations in the latter, to the effect that there was a false bottom in the tea-chest therein described, and that it was almost empty, are put in issue by the general denial in the reply, qualified by the admission that the chest was not full of tea. And in any event, for the reasons above stated, the defendant, in the absence of further allegations, would be bound to have his damages assessed upon proper proof, and would not be relieved from it by the allegation that he was damaged in a particular sum. No evidence was offered on this branch of the case. We think, therefore, that the defendant failed to establish any part of his counterclaim, and the verdict for the plaintiffs was properly directed. The character of these pleadings invites suggestions similar to those made by this court in *Benton* v. *Schulte*, 31 Minn. 312.

Judgment affirmed.