FRANKLIN STEELE, Jr., *vs.* HARRY THAYER and another.

December 9, 1886.

**New Trial—Improper Rejection of Evidence.**—New trial awarded for error in excluding material testimony.

Action in the municipal court of Minneapolis, for use and occupation of certain premises. Defendants went into possession, March 15, 1885, without authority from plaintiff, (a non-resident,) and subsequently endeavored unsuccessfully to obtain a lease. On the trial before the court without a jury, the defendants offered in evidence the following, marked "Exhibit 1:"

"MINNEAPOLIS, MINN., March 30, 1885.

"*Messrs. Thayer & Darling*—GENTS: I hereby notify you to vacate my warehouse, Nos. 127 and 129 First St. south, within ten days from this date, and pay me ($25) twenty-five dollars for the length of time you have occupied it.

"FRANKLIN STEELE, Jr.

"By W. D. LYNES, Agent."

This offer, and Lynes's evidence as to his agency, were rejected, the defendants excepting. Defendants also offered evidence to show that an arrangement was made with one Ovitt, plaintiff's agent, whereby they were to remain in possession of the premises at a nominal rent until plaintiff could be communicated with. The rejection of this evidence was the basis of defendants' fourth assignment of error. Defendants' occupation continued till April 16, 1885.

Defendants appeal from an order refusing a new trial.

*John R. Van Derlip,* for appellants.

*Albert B. Ovitt,* for respondent.

BERRY, J. The plaintiff seeks in this action to recover for the use and occupation by defendants, for a month, of premises described in the complaint as "Nos. 127 and 129 First street south, in the city of Minneapolis." The complaint, as amended, alleges that the use of the premises during the time of their occupancy by defendants "was and is reasonably worth the sum of $100 per month." With exceptions not here important, the answer denies each and every allegation of the complaint.

Under the rule laid down in *Dean* v. *Leonard,* 9 Minn. 176, (190,) and repeatedly followed in this court, (see *Coleman* v. *Pearce,* 26 Minn. 123; 1 N. W. Rep. 846, and *Stone* v. *Quaal, ante,* p. 46,) this denial, as respected the "worth" of the use of the premises alleged to have been occupied, was a negative pregnant, and therefore an admission that it was as stated, viz., $100. But this sum was alleged to be the "worth" of the use of the *whole* premises alleged to have been occupied, viz., the whole of Nos. 127 and 129. The action being for the *worth* of the *use and occupation,* it was, of course, competent for defendants to show that they occupied only a part of the premises described. This the trial court refused to permit them to do, and the refusal was error. And it was substantial error, because, from the nature of the action, defendants were liable, if at all, only for what they used and occupied; and, further, although the answer admitted the "worth" of the use of the entire premises (Nos. 127 and 129) to be $100, if it appeared that defendants used and occupied a part only thereof, then the admission would go for nothing. It would be an admission of something not in the case, and therefore immaterial. There must therefore be a new trial, with reference to which it is proper to add that we see no error in the exclusion of the proposed testimony of Lynes and of Exhibit 1; and to say, further, that, while the questions referred to in the appellants' fourth assignment of error may not have been in good form, we see no reason why it was not proper to inquire fully into the negotiations between defendants and Ovitt, acting as plaintiff's agent.

The other assignments of error need not be considered.

Order reversed, and a new trial awarded.

MITCHELL and VANDERBURGH, JJ. We concur in the result arrived at in the foregoing opinion.