GERMAN-AMERICAN BANK OF HASTINGS *vs.* WILLIAM C. WHITE, impleaded, etc.

June 5, 1888.

**Record of Deed—Omission of Notarial Seal.**—The omission to record the notarial seal affixed to the certificate of acknowledgment of an instrument executed and recorded in 1883, if it be a defect, was cured by Laws 1885, c. 266.

**Taxes—Judgment-Book—Insufficient Entry of Judgment.**—In entering judgment for taxes against the lands described in the delinquent list in the tax-judgment book, (which was a blank book in the form generally in use in this state, each page having at the top and bottom a printed blank, as if designed for a separate judgment on each page,) the clerk of the district court filled up the blanks on the first and last pages, and signed the judgment on these two pages; but on the intervening pages (some 70 in number) he neither affixed his signature, nor filled up any of the blanks, except those intended for the description of the property, the name of the party to whom assessed, the amount of taxes, and the amount of judgment. *Held,* that this constituted a judgment only against the land described on the first and last pages, and not as to that described on the intervening pages.

**Same—Judgment Vacating Sale—Statement of Reasons.**—Where the decision of the court states, as the ground upon which it is based, that no valid judgment was entered against the land for taxes, this constitutes a sufficient compliance with the requirement of Gen. St. 1878, c. 11, § 97, that, when a sale of lands for taxes is declared void, the judgment shall state the reason.

**Same—Reimbursement of Purchaser.**—The right of the purchaser at the sale is not dependent upon the judgment stating the reason for which it was declared void. It is enough to entitle him to his money that the sale has been declared void "by judgment of court."

**Pleading—Answer—General Denial — Negative Pregnant.**—Where an action is brought to recover unliquidated damages, an allegation of their amount is not traversable. A general denial puts in issue every allegation in the pleading which it denies. It can never be construed as a negative pregnant. Overruling *Dean* v. *Leonard*, 9 Minn. 176, (190,) and cases following it.

Appeal by defendant White from a judgment of the district court for Renville county, where the action was tried by *Webber*, J., upon the pleadings and an agreed statement of facts.

*S. & O. Kipp*, for appellant.

*Stringer & Seymour*, for respondent.

MITCHELL, J. 1. Ejectment. Plaintiff claims under the patent title, and defendant under two tax titles. The only point made against plaintiff's chain of title is that the notarial seal affixed to the certificate of acknowledgment of a mortgage executed in 1883 was omitted from the record of the instrument. If this was a defect in the record, it was cured by chapter 266, Laws 1885. This statute applies to cases where the omission is in the record alone, as well as to those where it is in the instrument itself.

2. Defendant claims under sales on two alleged tax judgments; one for the taxes of 1882, and the other for those of 1883. The validity of these tax titles is attacked on several grounds, but we find it necessary to consider but one, viz., the sufficiency of the judgments, the facts as to which are stipulated to be substantially as follows: The tax-judgment book is a printed blank, in the form generally in use in this state; each page being a printed blank, as if designed to constitute a complete and separate judgment in itself against the property therein described. In this case, in each of these tax sales, the clerk of the court filled out the blanks at the top and bottom of the first page and of the last page, and signed the judgment at the bottom of both these pages, and in each case attached his seal. In the intervening pages (some 70 odd) he neither signed nor filled out the blanks, except those

intended for the description of the property, the name of the person to whom assessed, the amount of taxes, and the amount of the judgment. The description of the property in dispute is found in both cases on one of these intervening pages. If the heading of the first page alone had been filled up, and the blank at the foot of the last page alone filled up, and signed by the clerk, it could have been considered as forming but a single judgment against all the property described on all the pages intervening between the heading on the first page and the conclusion of the judgment on the last page, which is what the statute contemplates, viz., one judgment against all the lands in the delinquent list; or if the blanks had been filled up on every page, and the clerk's signature affixed in each case, each page would have constituted a separate and complete judgment against the descriptions contained on it. But in this case the first and last pages each form a complete and separate judgment. We do not see how any part of the judgment on the first page, either head or foot, can refer or apply to any of the subsequent pages, or how any part of the judgment on the last page can refer back to the property described on preceding pages. As the case stands, the clerk has entered judgment against the land described on the first page, and another judgment against that described on the last page, but, for some reason, has omitted to enter judgment against the lands described on the intervening pages. No judgments having been entered against this land, it follows that the sales under which defendant claims were wholly unauthorized and void.

3. Defendant takes exception to the judgment, because it does not state for what reason these tax sales were declared void, as required by Gen. St. 1878, *c.* 11, § 97, and for that reason he will be unable to recover from the county the money which he paid at the sales. We do not think that his right to have his money refunded depends on any such condition. The provision requiring the judgment to state the reason why a tax sale is declared void was designed for the guidance and direction of the public officers in the matter of future proceedings for enforcing the collection of the taxes, if any, justly due from the land. It is enough to entitle the purchaser to his money that the sale has been declared void "by judgment of court." It is

to that alone to which the expression "so set aside" refers. In this case, however, the court states, as the ground or reason of his decision, "that no valid judgment was entered against the land." This is a sufficient compliance with the statute for any purpose.

4. The complaint alleges that the value of the rents and profits of the lands during the time they have been wrongfully withheld from plaintiff was $80, and, in addition to the possession, asks judgment for that sum. The answer contains a general denial of each and every allegation in the complaint. Upon the trial, no evidence was offered as to the value of the rents and profits, but the court gave judgment for plaintiff for $80 as damages for the wrongful detention. This seems to have been done upon the idea that the general denial in the answer did not put in issue the allegation as to the value of the rents and profits; being, as to such allegation, a negative pregnant, under the decisions of this court. Even if followed and adhered to, we do not think the doctrine of these decisions is applicable. Rents and profits are allowed as damages for the unlawful withholding, the allegation of value only going to the *quantum* of damages. Such damages are unliquidated, and require to be assessed; and in an action for unliquidated damages the allegation of their amount is not traversable. *Pullen* v. *Wright*, 34 Minn. 314, (26 N. W. Rep. 394;) 2 Wait, Pr. 418. But the majority of the court are of opinion that the rule that a general denial will not put in issue an allegation of value, first suggested in *McClung* v. *Bergfeld*, 4 Minn. 99, (148,) and expressly held in *Dean* v. *Leonard*, 9 Minn. 176, (190,) and subsequently followed in other cases, should no longer be adhered to, and for the following reasons: It is unsound in principle. A negative pregnant is a negative that implies an affirmative; and from its very nature such a negative can never be found in a general denial, which is a denial in gross of all the allegations of the pleading to which it is interposed. A general denial has as wide a scope as the allegations of the pleading which it denies, and puts in issue every fact alleged in it. Bliss, Code Pl. § 332; 2 Wait, Pr. 419, 420, and cases cited. If such a denial is to be held a negative pregnant as to an allegation of value, on principle it should be also so held as to allegations of time, quantity, and the like. Secondly, any such

rule of pleading puts us out of harmony with that which obtains in every other jurisdiction. In every other state, so far as we can ascertain, in which the code system of pleading prevails, a general denial is held a good traverse of every allegation of the pleading to which it is interposed. And, lastly, our rule works badly in practice. It has compelled attorneys, for greater safety, to resort to a prolix system of special denials, when a general one would, in briefer form, answer the same purpose; and, while it is now many years since this rule was laid down by this court, yet so in conflict is it with the generally understood principles of pleading, and with the rule which obtains elsewhere, that, even at this late date, hardly a term of this court passes in which some case does not arise in which the pleader has fallen into a trap by reason of having overlooked our decisions on this question. Inasmuch as it is not a rule of property, but merely one of practice, a change in which will not affect any vested rights, we are, for the reasons already given, of opinion that it should no longer be adhered to.

From what has been said it follows that the judgment appealed from is erroneous, in so far as it awards the plaintiff $80 damages for the unlawful detention of the premises. In other respects it is correct. The cause is remanded, with instructions to the court below to modify its judgment by striking out that part which adjudges that the plaintiff recover $80 damages.