ROSA J. GRIBBLE v. W. O. LIVERMORE.[1]

May 13, 1896.

Nos. 9989—(175).

**Trial by Court—Motion for New Trial on Minutes—Waiver of Objections.**

Whether a motion for a new trial on the minutes can, under G. S. 1894, § 5399, only be made to set aside the verdict of a jury, and not to set aside the decision in a trial by the court without a jury, is not decided. But when the plaintiff made such a motion to set aside such a decision, *held*, in any event, the defendant waived the objection, and also the objection that the motion was made and heard at a subsequent term, by appearing without objection, and opposing the motion on the merits.

**Tax Judgment—Form and Validity—Order Granting New Trial.**

Each page of the tax judgment book was printed so that it might be filled in and signed as a complete judgment in itself. There were no blanks in the printed matter at the top of the pages above the columns provided for descriptions, etc., but all such blanks were filled in the printing. None of the pages were signed by the clerk, except the last one. *Held,* if the proper columns and the proper entries therein are sufficiently continuous, all the pages, from the first to the last one, which were so signed by the clerk, constitute but one judgment, and the same is valid on its face. But *held,* from the statements in the settled case, there is sufficient doubt and ambiguity as to whether such columns and the entries therein were thus sufficiently continuous, and that the doubt and ambiguity should be resolved in favor of affirmance of the order granting a new trial.

**Tax Judgment—Collateral Attack.**

*Held,* a tax judgment cannot be impeached collaterally by showing that entries made therein were made after the rendition of the judgment.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., granting a motion for a new trial. Affirmed.

[1] Reported in 67 N. W. 213.

*H. V. Rutherford* and *Smith, Shedd, Underwood & Hall*, for appellant.

*Edwin Gribble* and *L. S. Cotton*, for respondent.

CANTY, J. The plaintiff brought an action under the statute to determine adverse claims to a certain city lot in St. Paul, alleging that she was then the owner and in possession of the lot. Defendant answered in July, 1895, claiming a lien, and alleging that a real estate tax judgment for the sum of $94.93 had been duly entered against the lot for the tax of 1890, and the lot sold at tax sale for the same, and bid in by the state on May 2, 1892, for $99.42; that a state assignment of the same had been made by the state, through the proper officers, to defendant; that no redemption had been made; that notice of the time of the expiration of redemption had been duly given; and praying that, unless plaintiff redeem, he be adjudged to be the owner of the land. A supplemental answer was afterwards filed, alleging that the time to redeem from such tax sale had in the meantime expired, and that defendant was the absolute owner of the lot. On the trial before the court without a jury, all of the facts so alleged by defendant were found to be true, and by reason thereof he was found to be the owner of the lot, and judgment was ordered as prayed for by him. Thereupon plaintiff moved for a new trial, on the ground that the decision is not sustained by the evidence, and the ground of errors of law occurring on the trial. The motion was granted, and defendant appeals.

1. It is contended by appellant that, under our statute, the trial court has no authority to hear a motion for a new trial made on the minutes at a subsequent term, as was done in this case, and that G. S. 1894, § 5399, allows a motion for a new trial to be made on the minutes to set aside the verdict of a jury, but not the decision on a trial by the court. In answer to this we will say that neither of these objections appears to have been taken to the hearing of the motion for a new trial in the court below. On the contrary, so far as the record shows, defendant appeared without objection, and opposed the motion on its merits. It must be held, for this reason, that he waived the objections, and cannot now for the first time raise them. Whether the objections would be well taken if made in the court below, we need not consider.

2. A settled case has since been made, and appellant contends

that it appears from the same that no error was committed on the trial, that the evidence sustains the decision that was made, and will sustain no other. The only point made by respondent against the validity of the tax title is as to the validity of the judgment. Counsel claims that in the form in which the tax judgment book was prepared each page constitutes a separate judgment. The page on which the entries as to the lot in question are found is not signed or dated, and he claims that the judgment as to this lot is void.

The settled case states: "Said judgment is a book consisting of 549 double pages. Page 24 thereof is as follows: [Then follows a form of a tax judgment containing the entries as to the lot in question, found in 7 of the 9 columns in the form, which 9 columns are headed respectively as follows: 'Name of Owner.' 'Subdivision of Section, Lot, or Block.' 'Sec. or Lot.' 'Township or Block.' 'Range.' 'No. of Acres.' 'Amount of Taxes and Penalties.' 'Fees and Costs.' 'Total Amount of Judgment.' Above and below these 9 columns is printed the language prescribed by the statute, but containing no blanks to be filled, except for the signature of the clerk and the date of the judgment. All other dates are printed.] All of the foregoing is in print, except the name of the particular owner, the name of the particular addition, and the figures indicating the numbers of the lots, blocks, and amount of taxes, penalties, costs, and amount of judgment. These latter are filled in with a pen, and the page is not signed. Each double page from 1 to 24 and each succeeding double page from 24 to 503, is precisely like double page 24 in the printed matter thereon, differing from it only in the names of the respective owners and the descriptions of property, and amounts of taxes, costs, and judgment filled in in the proper place therefor, such entries being made on the left-hand pages, and the right-hand pages opposite such entries being left blank. Page 503 is in the same form, has sundry names of owners, descriptions of property, and amounts of judgments, taxes, and costs, and, in addition thereto, at the bottom of said page, and below the printed matter, the following: 'Signed Mch. 21, 1892. R. T. O'Connor, Clerk.' (Seal of the District Court, Ramsey County, Minnesota.)"

On the authority of German-Am. Bank v. White, 38 Minn. 471, 38 N. W. 361, respondent claims that said page 24 is not a valid

judgment, and forms no part of any valid judgment. If, as claimed by appellant, none of the 549 pages of the judgment book are signed or dated except the last one, and the entries in the proper columns are sufficiently continuous through the whole 549 pages, then the whole constitute but one judgment, and the date and signature on the last page relates to the whole 549 pages. This is strictly in accord with the principles laid down in German-Am. Bank v. White, supra. But it does not sufficiently appear from the record that this is the case. If the record means anything, it means that page 24, as set out, as aforesaid, is a double page, containing only the 9 columns above specified. It is stated that "said judgment is a book consisting of 549 double pages. Page 24 thereof is as follows." It is further stated: "Each double page from 1 to 24, and each succeeding double page from 24 to 503, is precisely like double page 24 in the printed matter thereon." If page 24 as set out is a double page, and the others are also, it is hard to see how the right-hand pages of all these other double pages can be left blank, and still contain the proper entries in the proper columns, unless the blank pages are essentially different in form from page 24. From the descriptions in the record, page 24 may be so radically different from the other pages as to show that it never was intended to be a part of the same judgment as the subsequent pages. If there is a sufficient doubt as to the meaning of the record, that doubt must be resolved in favor of affirmance. We are of the opinion that this ambiguity in the record is sufficient to justify an affirmance, at least, of an order granting a new trial.

3. Plaintiff offered to prove that the date "Mch. 21, 1892," at the end of the tax judgment, was inserted after the tax sale and after the commencement of this action. The offer was refused, and plaintiff excepted. This is not error, even if material; as to which we express no opinion. If the judgment has been materially and illegally altered, it must be corrected in a direct proceeding, and cannot be impeached collaterally, as was here attempted.

The order granting a new trial is affirmed.