## M. S. SOMERVILLE v. MERTON B. THRIFT.[1]

October 26, 1897.

Nos. 10,804—(154).

Tax Judgment Book—Continuity of Entry.

> Each double page of a tax judgment book containing over 500 double pages was printed so that the blanks might be filled in and signed by the clerk as a complete judgment in itself. There were no blanks in the printed matter at the top of the pages, and the last page only was signed by the clerk of court. Each double page as printed was a duplicate in every respect; and, when blanks were filled, the pages differed only in the written matter, the writing uniformly appearing on the left-hand half of each double page, while the right-hand half of each was left blank. Written entries succeeded each other on each page from pages 1 to 503, inclusive, without interruption, except as to the printed formulas at the top and bottom. On page 503 was the signature of the clerk of the court, duly dated and bearing the official seal. *Held*, that there was sufficient continuity of entries in the book to constitute one tax judgment, and that the signature of the clerk, duly dated and bearing the seal of the court on the last page, related to every preceding page in the book.

Action in the district court for Ramsey county to determine adverse claims to land. The case was submitted to the court, Otis, J., on a stipulation of facts, and judgment was ordered for plaintiff. From the judgment, defendant appealed. Affirmed.

*Oscar Hallam*, for appellant.

*A. G. Briggs*, for respondent.

COLLINS, J.

The tax judgment herein involved, and upon which rests plaintiff's tax certificate and claim of title, is the one considered in Gribble v. Livermore, 64 Minn. 396, 67 N. W. 213, the same being a book consisting of more than 500 double pages. From the description given in that opinion, to which we refer, it will be seen that the book was printed so that each double page might be filled in and signed by the clerk at the bottom as a complete judgment in itself. But there were no blanks in the headings of these pages, and none

[1] Reported in 72 N. W. 706.

of the pages except the last were signed by the clerk of court. In the Gribble case, referring to an ambiguity in the record, the court said:

"If, as claimed by appellant, none of the 549 pages of the judgment book are signed or dated except the last one, and the entries in the proper columns are sufficiently continuous through the whole 549 pages, then the whole constitute but one judgment, and the date and signature on the last page relate to the whole 549 pages."

The statement, it was said, was strictly in accord with the principles laid down in German v. White, 38 Minn. 471, 38 N. W. 361. So that really the only question now before us is whether, from the stipulation of facts on which the case was tried below, it appears that the entries in the proper columns on these pages were sufficiently continuous through the whole. If so, the signature of the clerk on the last page, duly dated and bearing the seal, relates to each and all of the preceding pages, and, as to each and every piece or parcel of land described therein, there was a valid judgment.

The stipulation contains a copy of the page on which was described the tract of land in dispute, and it is stipulated that each page of the book is a double page, precisely like it—

"In the rulings and in the printed matter thereon, differing from it only in the names of the respective owners, and the descriptions of the property, and amounts of taxes, costs, and judgment, filled in in the proper place therefor; said entries being uniformly made on the left-hand half of each double page, and the right-hand half of each double page opposite said entries being left blank, as on the foregoing page. Written entries succeed each other on each of pages 1 to 503, inclusive, without interruption, except the printed formulas at the top and bottom of every page. Page 503 is a double page in the same form, has sundry names of owners, descriptions of property, amounts of judgment, taxes, and costs, and in addition thereto, at the bottom of said page, and below the printed matter, is the following:
   "'Signed March 21, 1893. R. T. O'Connor, Clerk.
   "'[Seal of the District Court, Ramsey County, Minnesota.]'"
"No page before page 503 is either dated, signed, or sealed."

We are of the opinion that from the stipulation it appears that there was sufficient continuity of the entries in the book to constitute one judgment, and that the signature of the clerk upon the

last page, duly dated and properly sealed, related to every preceding page. Certainly, the printed formulas at the top and bottom of these preceding pages, although they may have been superfluous, did not destroy this continuity, nor did they render the book "a meaningless jumble and jargon," as claimed by counsel.

Judgment affirmed.