## NELS LUND v. ARTHUR GILLMAN AND ANOTHER.[1]

April 28, 1939.

No. 32,061.

*Arthur A. Sturdevant* and *F. B. Sowle,* for appellant.
*Ell M. Roston,* for respondent.

LORING, JUSTICE.

This was an action on an injunction bond. Judgment was rendered for plaintiff after defendants' entire answer was stricken on motion as sham and frivolous. Defendant Gillman has appealed.

The present difficulty arose out of the following facts: Plaintiff Lund and defendant Gillman entered into a contract whereby Gillman sold to Lund an oil and gasoline station and Lund agreed to pay $50 per month upon the purchase price and to purchase gasoline exclusively from Gillman until the purchase price for the station was paid. April 9, 1938, Gillman, contending that Lund was violat-

[1]Reported in 285 N. W. 534.

ing his promise to purchase gasoline solely from him, commenced an action against Lund and applied to the court for a temporary restraining order to prevent Lund from buying gasoline elsewhere. A statutory bond in the sum of $250 was filed. Gillman was principal and the St. Paul Mercury Indemnity Company was surety.

On April 26, 1938, the court below vacated the restraining order on the ground that it was improperly and improvidently issued. Thereafter Lund instituted the present suit upon the injunction bond to recover damages. He alleged financial loss in the sum of $150 for counsel fees in defending the injunction proceedings and the contempt charges instituted by Gillman before hearing on the order. Further damage to the extent of $100 was alleged to have been occasioned by the wilful and malicious institution of the contempt proceedings.

In defendants' answer substantially the same facts were alleged as a defense as were alleged in the complaint in the original action in which the restraining order was procured. The entire answer, which contains a qualified general denial, was stricken as sham and frivolous. The surety company paid plaintiff $155 and was dismissed. The case was put upon the special calendar without further notice to or appearance by defendant Gillman, and damages were assessed and judgment for $100 was obtained against him.

Error is assigned that the court improperly ordered the entire answer stricken and more specifically was in error in ordering that portion stricken which is asserted to have raised the issue of the quantum of damage.

The answer is not an artistic pleading, and it is conceded that the trial court did not err in striking the allegations which did not go to the question of quantum of damage. Counsel relies upon allegations I, II, and III of the answer to raise the issue upon the amount of damage. These allegations in substance simply assert that Lund ignored the restraining order. A denial must be direct and definite. These allegations did not raise the issue. Nor do we think allegation V achieved this. It reads:

"That any damage on account of attorney fees or for any other reason is the direct result of the failure of Nels Lund to abide by his contract and his refusal to live up to the terms thereof and not otherwise."

This allegation is directed (if effective we need not decide) to the question whether there is any liability in law upon defendant. Precisely in what category of pleading, good or bad, the allegation falls makes no difference on the questions here under consideration. It is at least not an abortive allegation directed at the quantum of damage. Consequently we need not discuss the cases of Pullen v. Wright, 34 Minn. 314, 26 N. W. 394, and Fitzpatrick v. Simonson Bros. Mfg. Co. 86 Minn. 140, 90 N. W. 378. However, we take the view that the broad denial in allegation VII does raise the issue of the amount of damage. It reads:

"Save as above admitted, qualified or denied, defendants and each of them deny each and every allegation, statement, matter and thing in the whole of plaintiff's complaint."

This denial is the only allegation in the entire answer which raises the issue of the amount of damages suffered by plaintiff. It was error to strike this portion of the answer. It is very likely that the court below would not have overlooked this aspect of the pleadings had the answer properly and concisely alleged the defense.

The judgment is reversed with directions to reinstate that portion of the answer which raises the issue of quantum of damage and for further proceedings thereon.

Reversed with directions.

MR. JUSTICE HILTON, incapacitated by illness, took no part.