*Nov. Term, 1847.*

M'QUILKIN
v.
DOE.

---

M'QUILKIN v. DOE, on the Demise of STODDARD.

A sale of land for taxes is not valid unless the land was liable for all the taxes for which it was sold.

Perhaps, by the saving clause in the repealing act of 1824, the road-law of 1822 was continued in force until that of 1824 took effect.

The road-law of 1822, at all events, ceased to exist after the time when that of 1824 went into operation, which time was about the 1st of *September*, 1824.

Where two statutes are clearly repugnant to each other, the first one is repealed by the last.

Where a statute is repealed, it must be considered (except as to transactions passed and closed) as if it had never existed.

Land could not be sold in *November*, 1824, for the non-payment of a road-tax assessed under the road-law of 1822, that law not being in force at the time of the sale.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of ejectment, commenced in 1841, for a quarter section of land in *Vigo* county. Plea, not guilty. Verdict for the plaintiff. Motion by the

*Friday, March 17, 1848.*

Nov. Term, 1847.

M'Quilkin v. Doe.

defendant for a new trial 'overruled, and judgment on the verdict.

The objections made to the judgment are, 1. That certain evidence offered by the defendant was improperly rejected; 2. That the defendant proved that he had a good title to the land.

The record contains all the evidence which was given in the cause, and also that which was rejected. The plaintiff's evidence was an exemplification of a patent for the land, which patent was granted, in 1818, by the *United States* to the plaintiff's lessor. The defendant relied on a title derived from one *Demas Deming*, who had purchased the land for taxes in 1824.

We shall not stop to inquire whether any of the evidence rejected ought to have been admitted, but we shall consider the cause as if all the evidence offered by the defendant was properly before us.

The quarter section of land · sued for being owned by a non-resident, was sold to *Deming* by the collector, on the 4th of *November*, 1824, for the road-tax, county-tax, and state-tax, which had been assessed on the land for that year; and whether that sale was legal or not is the question to be decided.

It has already been held, that unless the land was liable for all the taxes for which it was sold, the sale cannot be sustained. *Doe d. Weed et al.* v. *M'Quilkin* (ante, 335). And the plaintiff contends, that the sale in this case for the road-tax was illegal and void.

The road-tax in question was assessed by virtue of the road-law of 1822. By that act, the land of a non-resident was subject to a certain road-tax, which was to be collected as other taxes were collected. Acts of 1822, p. 40. The same act of 1822, with many others, was repealed by a statute of the 31st of *January*, 1824, which took effect from its passage; saving, however, any act done, &c., previously to the taking effect of the several acts of 1824. R. C. 1824, p. 309. On the same day on which said repealing act passed, a road-law was passed, which was to take effect from its publication in print. By the last-named act, certain work on roads was to be done, or a certain sum paid in lieu thereof,

by every non-resident owner of a quarter section of land in
this state, on or before the 1st of *December* in each year; and
in default thereof, a part of the land was to be sold by the
sheriff to pay the sum so due. R. C. 1824, p. 355. The
legislature no doubt considered, that the road-law of 1824
would take effect in time for the collection, under it, of the
road-tax of that year; and it did in fact take effect about the
first of *September*, 1824, which was in time for such collec-
tion.

These statutes thus noticed must determine the question,
whether the sale aforesaid for the road-tax is sustainable.

The illegality of the sale would have been manifest, in con-
sequence of the repealing act of 1824, had it not been for
the saving clause in that act. But that clause, we think, does
not affect the question. We cannot believe, in the absence,
as in this case, of any express language to that effect, that
the legislature intended that the same land should be liable, at
the same time, for two distinct road-taxes for the year 1824,—
the one under a law of 1822, and the other under a law of
1824. Yet the land in dispute was so liable, if, after the tak-
ing effect of the road-law of 1824, which had of course to be
enforced, a road-tax on land for that year could have been
collected under the act of 1822. Perhaps, by the saving
clause in the repealing act, the road-law of 1822 was conti-
nued in force until that of 1824 took effect. If so, then those
who paid the tax during such continuance of the law of 1822
were exempt from that of 1824. But as to that question we
give no opinion. All we now decide is, that the road-law
of 1822, at all events, ceased to exist after that of 1824 went
into operation. These road-laws were clearly repugnant to
each other, and there is no reason shown why the first should
not be considered as repealed by the last, according to the
maxim that *leges posteriores priores contrarias abrogant.*

The road-law of 1822 being thus repealed about the 1st of
*September*, 1824, if not sooner, and the sale to *Deming* not
having been made until *November*, 1824, the case is without
difficulty. The law is well settled, that when a statute is re-
pealed, it must be considered (except as to transactions passed
and closed) as if it had never existed. Dwarris on Statutes,
676.—*Butler* v. *Palmer*, 1 Hill, 324.—*Hunt et ux.* v. *Jen-*

Nov. Term, 1847.

NEWCASTLE, &c., TURN-PIKE CO. v. BELL.

*nings,* 5 Blackf. 195.  The case before us is one where a statute, requiring a certain tax to be collected, and prescribing the mode of its collection, was absolutely repealed at least two months before the sale in question, to enforce the payment of the tax, was made; and we hold that such sale, and all the proceedings for the collection of the tax, after such repeal, were void.  The consequence is that *Deming,* under whom the defendant claims, had no title to the premises, and that the plaintiff was entitled to recover.

*Per Curiam.*—The judgment is affirmed with costs.

*R. W. Thompson, C. W. Barbour,* and *J. H. Henry,* for the plaintiff.

*W. D. Griswold* and *J. P. Usher,* for the defendant.