No. 7203.

RINARD v. NORDYKE, TREASURER.

TAXES.—*Lien of.—Sale for.—Sheriff's Sale.—Tender.—Mortgage.—Pleading.*—Under section 170 of the assessment law, all property, real and personal, is liable for all taxes, penalties, interest and costs charged against the owner, and no partial payment thereof will discharge or release any portion of such property, notwithstanding any sale or tranfer of the same; and a purchaser of real estate at sheriff's sale in pursuance of a decree of foreclosure of a mortgage can not enjoin the treasurer of the county from selling such real estate, for delinquent taxes, which were a lien on such real estate when in the hands of the original mortgagor, until all taxes rightfully a lien on the same are fully tendered or paid, notwithstanding the original mortgagor may have personal and other property in such county, sufficient to fully satisfy such delinquency, and a complaint to enjoin the collection of such taxes is insufficient on demurrer without an allegation that such taxes have been fully tendered or paid.

From the White Circuit Court.

*R. C. Gregory* and *W. B. Gregory*, for appellant.

HOWK, C. J.—In this action, the appellee's demurrer to the appellant's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and, the appellant having declined to amend or plead further, judgment was rendered against him for the appellee's costs.

By proper exception and assignment of error, the appellant has brought before this court this one question: Does his complaint state facts sufficient to constitute a cause of action? In his complaint he alleged, in substance, that, on October 22d, 1868, one Leander Jewett, then the owner in fee of lot 8, in block 10, in the town of Reynolds, in White county, and said Jewett's wife, mortgaged said lot to Hicks, Elliott & Shroyer, of Cass county, to secure a note, of the same date, for $608.67, executed by Leander Jewett; that, on September 28th, 1875, in the court below, in an action then and there pending on said note and mortgage, judgment was rendered for the amount due on the note, and

foreclosing the mortgage, and ordering the sale of the mortgaged lot to satisfy the debt and costs ; that afterward an order of sale was issued on said judgment, by virtue of which the sheriff of said county offered and sold the said lot to the appellant, according to law, for the sum of $1,-039.31, and then and there executed to him a certificate of purchase of said lot, upon his payment of his bid therefor ; that he would be entitled to a deed in fee simple of said lot from said sheriff, on the 11th day of November, 1876, unless the said lot should be redeemed from such sale thereof ; and that he was then the equitable owner in fee of said lot, subject only to such right of redemption. The appellant further averred that said Leander Jewett was the owner in fee of said lot, subject to said mortgage, for and during the years from 1866 to 1875 inclusive, until the said sheriff's sale thereof ; that, for and during all that time, the said Jewett resided in said White county, and was the owner and in the possession of other property, both real and personal, all of which, for said several years, was regularly and duly assessed for taxation, and placed on the duplicate of taxes for said county, for each of said years ; that, from the year 1867 to 1872 inclusive, in each of said years, the treasurer of said White county falsely returned the said property of said Jewett, including said lot, delinquent, when, in truth and in fact, the said Jewett had sufficient personal property in said county, subject to levy and sale on said duplicate and precept in the hands of said treasurer, for the payment of the taxes of each of said years ; that, in each of said years, the said treasurer failed and refused to make said taxes, by levy and sale of said personal property on the duplicate and precept then in his hands, but falsely returned the same delinquent, and the taxes for said years, including the year 1872, with the penalties and costs provided for by law, had been continued and were on the duplicate then in the hands of the appellee, as treasurer of said county ; that, notwith-

standing the law authorizing the collection of said taxes had long since been repealed, and the appellee had no power or authority by law to collect the same, he, as such treasurer, was threatening to sell, and had actually advertised for sale, the said lot for the payment of said taxes, falsely pretending that the same were a lien on said lot, in appellant's hands; and that, unless appellee was restrained by order of said court, he, as such treasurer, would sell said lot for the payment of said taxes, thereby creating a cloud on the appellant's title to said lot.

The appellant further averred that the said taxes, penalties, etc., for said years up to and including the year 1872, amounted to the sum of, to wit, $500; that the treasurer of said county returned the property of said Jewett, including said lot, delinquent for the year 1873, when in fact the said Jewett had personal property, in said county, subject to distress and sale, sufficient to pay said taxes for said last named year, and the treasurer of said county failed and refused to levy on and sell the same by virtue of the duplicate and precept in his hands for the taxes of that year; that the appellee, as such treasurer, was then threatening to sell, and had advertised for sale, the said lot so owned by appellant, for said taxes for the year 1873, and, if not restrained by an order of the court, would sell the same, and thereby create a cloud on the appellant's title to said lot, causing the necessity of proving facts outside of the record of said assessment and sale, to avoid such sale and the tax title thereby created, thereby endangering the appellant's right to said lot, in the loss and obscurity of the evidence necessary to avoid such sale, when so made; that the said taxes, penalties, etc., for said year 1873 amount to the sum of, to wit, $100; that afterward, and before the commencement of this suit, the appellant tendered and paid to appellee, as treasurer of said county, the sum of $27.35, the entire taxes of 1874 and 1875, as near as could be ascertained, and he then offered

to pay any further sum which might be found due and owing on said lot, and which was a proper and legal lien thereon; that said duplicates were so made that it was difficult and impossible for the appellant to ascertain the exact amount then legally and equitably chargeable to said lot for and on account of said taxes. The appellant therefore prayed that the appellee, as such treasurer, might be enjoined and restrained from the sale of said lot for said taxes so assessed against said Jewett, and for such other and further relief as he might be entitled to.

The appellee has not favored this court with any brief or argument, or any citation of authorities, in support of the decision of the circuit court in his favor.

Before proceeding to the consideration of this cause, it is proper for us to state that the transcript before us shows the suit was commenced in the court below on the 31st day of October, 1876; that the appellant's amended complaint, the substance of which we have given, was filed on the 5th day of March, 1877, and that the appellee's demurrer to this complaint was sustained, and final judgment was rendered thereon, on October 30th, 1877.

In their argument of this cause, in this court, the appellant's learned counsel insist that the complaint under consideration was sufficient to withstand the appellee's demurrer thereto, and to entitle Rinard to the relief prayed for, upon two grounds, each of which we will briefly consider. Counsel say: "In the case at bar there is an attempt to charge a single lot, in the hands of a purchaser at sheriff's sale on a mortgage foreclosure, with not only the taxes on the lot, but all the taxes assessed against Jewett for all his other property, both real and personal, and that, too, on a false return of delinquency. This is a substantial injury to the appellant, of which he has a right to complain."

It is not claimed by counsel, nor was it alleged in the amended complaint, that the taxes in question had ever been

paid, or were not, in fact, delinquent. But it is claimed that, by reason of the alleged fact, admitted by the demurrer, that Jewett had sufficient personal property subject to levy and sale for the payment of the taxes, and of the rule of law which makes personal property the primary fund for the payment of taxes, the treasurer had falsely returned the taxes delinquent, when, in truth, he ought to and might have collected them. Counsel seem to assume that, on account of the treasurer's false return of delinquency, and of the facts connected therewith, the appellant's lot became released from the lien of such taxes, and the treasurer of the county ought, in equity and good conscience, to be enjoined from collecting or attempting to collect such taxes by the sale of said lot. In support of their position, the appellant's counsel have cited a number of the decisions of the courts of last resort in other States.

We do not deem it necessary, however, for us to examine the cases cited ; for, whatever may be the law elsewhere, we are clearly of the opinion that the position of the appellant's counsel can not be maintained, in view of, or in opposition to, the express provisions of the statute of this State on the subject under consideration. In section 170 of the assessment law of December 21st, 1872, which is a substantial and almost literal re-enactment of section 113 of the assessment law of June 21st, 1852, it is provided as follows :

"Sec. 170. All the property, both real and personal, situated in any county, shall be liable for the payment of all taxes, penalties, interest and costs charged to the owner thereof in such county, and no partial payment of any such taxes, penalties, interest, or cost, shall discharge or release any part or portion of such property, until the whole be paid ; which lien shall in no wise be affected or destroyed by any sale or transfer of any such personal property." 1 R. S. 1876, p. 114.

Under the provisions of this section, it seems very clear to us, that the appellant can not, under the allegations of his complaint, be heard to complain of the alleged attempt to charge his single lot with all the taxes assessed against Jewett for all his property, both real and personal, in said county; for nothing short of full payment of the whole of such taxes, penalties, interest and costs, would discharge or release his said lot therefrom. *Mesker* v. *Koch, ante,* p. 68.

Upon the second ground relied upon by the appellant for the reversal of the judgment below, his counsel say: "But, for the taxes up to and including the year 1872, we claim that the act of 1872 (Acts of 1872, p. 57,) repealed all former laws on the subject embraced within it, and, containing no saving clause, that those taxes can not be enforced. In *McQuilkin* v. *Doe,* 8 Blackf. 581, it is said: 'The law is well settled, that when a statute is repealed, it must be considered (except as to transactions passed and closed) as if it had never existed.'" We can not gainsay the law as thus stated, nor its applicability to all taxes assessed for those years, which had not been enforced or collected, prior to the taking effect of the act of December, 21st, 1872, on the day of its approval. It can hardly be said, however, that this question is fairly presented by the record of this cause; for the taxes assessed against the said Jewett, on all his property in said county, for the year 1873, were assessed under the aforesaid act of December 21st, 1872, and were a valid and subsisting lien on the appellant's lot. The complaint failed to show any payment or tender of those taxes for the year 1873, and it was therefore bad, we think, beyond all doubt, on the demurrer thereto for the want of facts, without regard to the taxes of prior years. The law is well settled in this State, that a party can not maintain an action to be relieved from an illegal tax, until payment or a tender of payment has first been made by him of all taxes which have been legally assessed against, and

are a valid lien upon, his property; and his complaint will be held bad on demurer, unless it shows such payment, or tender of payment. *Mullikin* v. *Reeves,* 71 Ind. 281, and cases there cited.

The judgment is affirmed, at the appellant's costs.