Gorley *v.* Sewell.

---

No. 8411.

GORLEY *v.* SEWELL.

TAXES.—*Lien of.—Effect of Repealing Statute.*—The repeal of a statute, under which taxes are levied, puts an end to the right to collect them, unless the ¡repealing statute contains a provision preserving the taxes and the right to collect them.

SAME.—*Statute of 1872 Construed.*—A lien for taxes, accrued under statutes in force prior to the act of 1872, 1 R. S. 1876, p. 72, is continued and preserved by, and may be enforced under, the provisions of that act.

Gorley *v.* Sewell.

SAME.—*Repeal of Statute.*—*Intention.*—An express saving clause is not required to prevent the destruction of rights existing under former statutes. If the intention to preserve and continue such rights is clearly apparent, it will be carried into effect.

SAME.—*Remedy of Holder of Invalid Tax Title.*—The remedy of the holder of an invalid tax title, for the enforcement of rights acquired under former statutes, is that given by the act of 1872.

From the Fountain Circuit Court.

*J. B. Martin*, for appellant.

*T. L. Stilwell* and *H. H. Dochterman*, for appellee.

ELLIOTT, C. J.—The questions in this case arise upon the ruling refusing the appellant a new trial.

The material facts are these: The lands in controversy were subject to taxation; taxes were legally assessed thereon for the years 1871 and 1872; the assessments were properly entered upon the tax duplicate for the said years; the taxes became delinquent, and due return thereof was made; on the 11th day of February, 1873, the lands were sold; at the time said assessments were made, and thence continuously until the sale, the appellant, the owner of the lands, was the owner and in possession of personal property more than sufficient to pay said taxes; that the appellee became the purchaser of said lands at the tax sale; that, on the 28th day of February, 1878, the auditor executed a deed to appellee for said lands; that the taxes were paid at the time of the sale by the purchaser, and that the amount then paid was $86.90, and that, since the said sale, taxes have been paid by the appellee in the sum of $210.74.

The court rendered judgment for the appellee in the sum of $586.65, being the amount paid out by him, with twenty-five per centum thereon.

Appellant maintains that the taxes assessed for the years 1871 and 1872 were swept away by the repeal of the statute under which they were assessed. The general rule is, that the repeal of a statute, under which taxes are levied, puts an

end to the right to collect them, unless the repealing statute contains a provision preserving the taxes and the right to collect them. *McQuilkin* v. *Doe*, 8 Blackf. 581; *Mount* v. *The State*, 6 Blackf. 25; *Bleidorn* v. *Abel*, 6 Clarke (Iowa), 5; *Bryan's Adm'r* v. *Harvey's Adm'r*, 11 Tex. 311.

Unless there is some provision in the act of 1872, preserving taxes levied under former acts, they must be deemed to have been carried away by the repeal of the laws under which they were levied.

The task of searching the act of 1872, with its numerous repetitions and its involved and confused provisions, is a dreary one. Our search has been greatly aided by the careful and discriminating labors of counsel. Such sections as seem to us to show an intention to preserve the taxes levied under prior acts, we collate and consider in the succeeding pages. Section 155 contains a provision authorizing the treasurer to collect delinquent taxes. The 169th section is as follows: "The lien of the State for all taxes for State, county, school, road, or township purposes, shall attach on all real estate, on the 1st day of April, annually, and such lien shall be perpetual for all taxes due from the owner thereof, which have heretofore accrued or shall hereafter accrue, with the interest and penalties in each case, until payment; which lien shall in no wise be affected or destroyed by any sale or transfer of any such real estate." The language of this section is very comprehensive, and extends to all taxes accrued before the act took effect, for the word "heretofore" refers to a time anterior to the date at which the act became a law. *Evansville, etc., R. R. Co.* v. *Barbee*, 59 Ind. 592. It is provided in section 229, that, if any conveyance shall prove to be invalid, it shall nevertheless be effectual to transfer the lien which the State had to the grantee. Section 256 contains, substantially, the same provision. The language there used is: "If any conveyance, made by the county auditor, pursuant to a sale made for non-payment of taxes,

shall prove to be invalid and ineffectual to convey title, for any other cause than such as are enumerated in the preceding section, the lien which the State had on such land for its rightful proportion of taxes for State, county, township, and all lawful purposes shall remain in full force, and shall be transferred by such deed to the grantee." Section 257 provides for the enforcement of this lien by an action.

We think that these provisions very clearly show that the Legislature intended to preserve the lien for taxes which accrued prior to the time the act of 1872 took effect. The lien described in section 169 is one for taxes which accrued under former laws, and is carefully preserved, not only to the State, but to her grantees. The intention to preserve and transmit the lien is clearly manifested, not only in section 169 and those providing for the transmission of the lien to purchasers, but also in the many sections referring to delinquencies. It is very clear that the delinquencies referred to are such as had accrued under prior statutes, as well as those which may accrue subsequent to the taking effect of the act of 1872.

It is proper, in searching for the legislative intent, to consider statutes previously enacted. Turning to the act of 1852, we find that section 112 is the same as section 169 of the act of 1872, except that the time upon which the lien attaches is fixed as of the 1st day of April instead of the 1st day of January. The re-enactment of section 112 of the act of 1852 was not necessarily a repeal of its provisions; but, whether so or not, its substantial re-enactment furnishes ground for inferring that the Legislature intended to preserve and continue the lien for taxes which had accrued under prior laws. *Cheezem* v. *The State*, 2 Ind. 149; *Cordell* v. *The State*, 22 Ind. 1.

In speaking of the effect of the re-enactment of a former statute, the Supreme Court of Wisconsin said: "There is no change in the law, and the re-enactment of the new is

simultaneous with the repeal of the old provision, and both are the same." At another place in the same opinion, it was said : "When the Legislature re-enacted the same provision, and provided for its taking effect at the same time as the repeal of the old statute, it is clear that they intended to continue such provision in force without interruption." *Fullerton* v. *Spring*, 3 Wis. 588 ; *Wright* v. *Oakley*, 5 Met. 400 ; *Kesler* v. *Smith*, 66 N. C. 154.

We need not, and do not decide, whether the doctrine of the cases cited is entirely correct ; for in this case we are only required to ascertain and carry into effect the legislative intent as gathered from the statute ; and in doing this we may, as we have said, properly look to the provisions of earlier statutes. We think that the intention of the legislature, to preserve and enforce the lien for taxes accrued under statutes in force prior to the act of 1872, is manifest from the language used in various sections of that act, and that this conclusion is strengthened by the fact that they carried into the new law the provisions of the old. There was no cessation of the lien. The old statute created and preserved it until the new took effect, and the new made provision for its continuance and for its enforcement.

There is nothing in the repealing clause indicating an intention to destroy the right to collect taxes existing under prior statutes. It applies only to "laws or parts of laws in conflict with the provisions of this act." The section giving a lien for taxes is not in conflict, for it is substantially re-enacted. There is nothing in the last act contravening the provisions of the former acts as to the right to collect taxes ; upon the contrary, the sedulous care which is manifested in preserving the lien shows very clearly that it was not intended that the right should be lost. The Legislature did not, it is evident, regard anything in the act of 1872 as inconsistent with the preservation and continuance of the lien for taxes which had accrued under laws previously

Gorley *v.* Sewell.

adopted. It does not require an express saving clause to prevent the destruction of rights existing under former statutes. If the intention to preserve and continue such right is clearly apparent, it will be carried into effect.

The case of *Rinard* v. *Nordyke*, 76 Ind. 130, does not conflict with what is here decided. In that case, the general rule, as declared in *McQuilkin* v. *Doe, supra*, was recognized as the correct one; but the question, as to whether the taxes levied under former statutes were swept away by the act of 1872, was not passed upon, for, as was there said, it was not involved in the case.

The right to collect taxes levied under laws enacted prior to 1872 having been found to exist, only a single question remains: What statute psescribes the remedy for the enforcement of that right? *Flinn* v. *Parsons*, 60 Ind. 573, furnishes the answer. It was there held that the remedy for the enforcement of rights acquired under former statutes was that given by the act of 1872. The case cited not only settles the question as to the remedy, but it also lends strong support to the point here ruled as to the preservation of the right to collect taxes assessed under prior statutes. If all rights had been destroyed, it would have been vain to consider the question of the remedy. Without a right, there would be nothing to invoke the use of a remedy.

The court below having enforced a legal right and applied the appropriate remedy, the result is that the judgment should be affirmed, and it is so adjudged.