Filed June 18, 1890.

———◆———

No. 13,779.

WILLIAMS *v.* LEWIS ET AL.

PLEADING.—*Demurrer.*—A demurrer to a complaint assigning for cause that the complaint does not state facts sufficient to constitute a cause of action, does not present the question of the sufficiency of the complaint on the ground of another action pending.

REPLEVIN.—*Demand.*—*Failure to Prove.*—*Subsequent Action.*—Where the plaintiffs in an action of replevin do not succeed merely because of failure to prove a demand prior to the time of bringing the action, the judgment rendered against them is not conclusive, and is not a bar to a subsequent action.

SAME.—*Demand.*—*Proof.*—In the second action it is not competent for the defendant to prove that a demand was in fact made prior to the first action of replevin.

From the Switzerland Circuit Court.

*W. R. Johnston* and *L. O. Schrœder*, for appellant.

*W. D. Ward*, for appellees.

ELLIOTT, J.—The material allegations of the second paragraph of the appellees' complaint are these: That at the

time the present action was brought there was an action pending between these parties; that the present appellees in that action sought to set aside a sale of the personal property involved in this controversy made by the marshal of the city of Vevay, and to enjoin the appellant from interfering with the property; that the appellant put in issue in that action his ownership and his right to the possession of the property; that he asserted ownership under the marshal's sale, and also upon a judgment rendered in his favor in an action of replevin brought against him by the appellees; that in the action brought by the appellees to enjoin the appellant from asserting title under the marshal's sale a decree was rendered in their favor, and it was adjudged that they were the owners of the property, and that the appellant be enjoined from interfering with the appellees' rights to the possession and enjoyment of the property; that subsequent to the judgment in replevin rendered in favor of the appellant the appellees demanded the possession of the property, but the appellant refused to deliver possession and claimed to hold it as owner.

The paragraph of the complaint of which we have given a synopsis was filed after the action was commenced, and the pleading as originally filed was an ordinary complaint for the possession of personal property. The appellant argues that the court erred in overruling a demurrer to the second paragraph of the complaint, for the reason that it shows on its face that at the time this action was commenced there was another action pending involving the same property and the same transactions which are involved in the present action. If we should agree with appellant's counsel upon the general proposition advanced by them, we could not hold that the question which they argue is presented. The demurrer assigns for cause that the complaint does not state facts sufficient to constitute a cause of action, and this assignment does not present the question which the appellant's counsel argue. The code designates the causes for demurrer, and

the third cause is that " there is another action pending. between the same parties for the same cause " (section 339, R. S. 1881), and in order to present the question argued, the appellant should have assigned that cause. 1 Works Practice, 312.

It appears from the finding of facts made by the court in the action of replevin in which the appellant was successful that the marshal's sale under which he asserted title was invalid, and that no demand was made by the appellees for the property. The conclusions of law stated by the court show that the appellees failed in that action because they did not show a demand prior to the time the action was brought. It appears, therefore, upon the face of the record that the judgment in the action of replevin was not upon the merits, for the defeat of the appellees was owing to their omission to prove a demand. The judgment in that action was not conclusive, and the appellees are not barred. Roberts v. Norris, 67 Ind. 386.

It was not competent for the appellant to prove that there was in fact a demand made prior to the first action of replevin, and the trial court did right in excluding the evidence offered upon that point. Whether such a demand was or was not made is immaterial in view of the fact that the judgment in the first action was given solely because the plaintiffs failed to prove a demand. Nor can it be important what the fact actually was, for as there was a failure of proof which produced a judgment not determining the merits there was no former adjudication. If, however, it be conceded that there was a former adjudication the case is even stronger against the appellant, for it is expressly found and adjudged that there was no demand, and this certainly, must conclude the parties upon that isolated question, if they are concluded upon any question arising in the controversy.

Judgment affirmed.

Filed June 18, 1890.