Millikan *v.* Werts *et al.*

No. 1,639.

## MILLIKAN *v.* WERTS ET AL.

JUDGMENT.—*Res Adjudicata.*—*Judgment in Ejectment.*—*Tax Title.*— A judgment in ejectment by one claiming under a tax title, expressly decreeing that the tax title deed is invalid, is conclusive of a claim for taxes, under section 8641, R. S. 1894, providing that the court shall ascertain the amount due the party holding the tax deed and claiming a decree for the payment thereof, where no reservation of the claim for taxes is contained in the judgment, although the judgment states that no evidence was offered as to the amount, as the deed itself is evidence of some amount.

From the Boone Circuit Court.

*Holstein & Barrett* and *C. M. Zion*, for appellant.

*O. P. Mahan*, for appellees.

LOTZ, J.—The appellant was the plaintiff below. In his complaint he asked for the review of a judgment entered at the preceding term of the circuit court. The court sustained the defendants' demurrers to the complaint, and rendered final judgment for them. The only question involved in this appeal is the sufficiency of the complaint.

The material facts alleged are, that on the 25th day of February, 1881, certain lands in Boone county were duly sold for the non-payment of taxes assessed thereon; that the appellant became the purchaser and received the usual certificate of purchase; that the amount for which the lands were sold was $157.36; that no redemption was made, and that on the 13th day of March, 1883, the appellant received a tax deed for the lands, which was duly recorded; that subsequently to the sale, and execution of the deed, the appellant, from year to

year, paid the taxes on the land and certain ditch assessments, amounting in the aggregate to about $1,000; that in July, 1887, the appellant brought a suit before a justice of the peace in Boone county, against the defendants, for the possession of said lands; that the appellees caused said action to be transferred to the Boone Circuit Court, because as they alleged the title to the realty was involved; that in the circuit court the cause was tried, and it was adjudged and decreed that the plaintiff was not entitled to the possession of the lands, and that the tax title deed so executed to the plaintiff was invalid, for the reason that the person against whom the taxes were assessed had personal property in Boone county, out of which the taxes for which said lands were sold could have been collected, and that the court further specifically found that no evidence was offered as to the amount of the taxes which had been paid on said real estate by the plaintiff; and it is further averred that the question of the amount of the plaintiff's lien on said land for and on account of such taxes so paid was not passed upon or adjudicated in said action, and that the only question in issue in said action was the plaintiff's right to the possession of said realty; that no issue was formed or tried as to the amount of the taxes against said lands.

In September, 1894, the appellant filed his complaint in the Boone Circuit Court to enforce a lien for the taxes and assessments paid, and for equitable relief, alleging the facts substantially as above stated. A demurrer for want of facts was sustained to this complaint, and final judgment rendered against the plaintiff. It is this judgment that the complaint in this case seeks to review. The question here presented is whether or not the claim for taxes was adjudicated in the ejectment proceedings.

Millikan v. Werts et al.

In the administration of justice there is no principle more firmly settled than that whenever a matter is finally adjudicated and determined by a competent tribunal it is considered forever at rest. If it were otherwise property and personal rights would be frequently jeopardized. This exposure would be a constant and fruitful source of litigation. The peace and repose of society is measurably dependent upon this principle, and it is the policy of the law to preserve and enforce it in all proper cases. *Fischli* v. *Fischli*, 1 Blackf. 360.

This principle is easily comprehended, but its application is often attended with difficulty. It is important to know what matters were involved in the controversy, and upon which the judgment of the court operated. It is apparent that if the adjudication be permitted to extend to or include matters not properly involved, frequent hardship and injustice would result. The parties to a controversy have the right to bring the matters before the court which they wish adjudicated. This they do by their pleadings. Hence we look to the pleadings and issues to determine what matters were adjudicated. The proposition that the judgment of a court having jurisdiction of the parties and subject-matter is conclusive means nothing more than that the judgment is conclusive upon all questions which were or might have been litigated and determined within the issues before the court. *Whitney* v. *Marshall*, 138 Ind. 472.

It frequently happens that matters are within the issues when the judgment concerning them is silent. In such cases it may be shown by parol what was actually litigated.

At common law ejectment was a purely possessory action and the judgment was no bar even to another action for the possession. Nor did the judgment bar

VOL. 14—15

equitable defenses.    Tyler Eject., p. 584; 592 Vanfleet Form. Adj., section 8.

An action in ejectment under the code procedure does not necessarily involve the title.    If title is not involved the judgment rendered does not adjudicate the title. *King* v. *Townshend*, 141 N. Y. 358; Vanfleet Form. Adj., section 399.    But the title may be put in question by either party and when it is each party is bound to bring forth all claims, both legal or equitable, which he has and have them adjudicated or the judgment will forever bar them.    Vanfleet Form. Adj., section 183.

The title to the real estate in the ejectment proceedings before us was put in the issue although the pleadings concerning the tax deed and the claim for taxes are silent.    In section 8641, Burns R. S. 1894, it is provided that in an action in ejectment or other action either in law or in equity, if a tax deed shall prove to be invalid or ineffectual to convey title, the court shall ascertain the amount due the party holding the tax deed and decree a lien on the lands therefor; and this may be done, though no such relief is asked and the pleadings are silent concerning the claim for taxes. *Jones* v. *Foley*, 121 Ind. 180.

It is expressly averred in the complaint that the claim for taxes was not adjudicated.    But this averment cannot control if as a matter of law the taxes and the lien therefor were necessarily involved in the judgment rendered in the ejectment proceedings.    Under the statute and decisions in this State, we are of the opinion that the claim for taxes was involved in the ejectment proceedings.

The judgment further expressly decreed that the tax title deed was invalid and that no evidence was offered as to the amount of taxes paid.

It is difficult to understand how the court could have

reached the conclusion that no evidence was offered as to the amount of taxes. The deed itself was evidence of some amount. The court could not have decreed the deed invalid unless it was in evidence.

The parties to an action have the right to reserve any particular matter from the force of the adjudication and leave it open for further determination. If the court upon its own motion, in its judgment and decree, exclude from its operation any particular matter and the parties do not make any motion to modify or make any objection thereto and do not in any way assail the judgment rendered, they will be deemed to have consented that the question be excluded from the force of the adjudication. That is what was done in the ejectment proceedings before us. In *Ulrich* v. *Drischell*, 88 Ind. 354 (363), it was said: "It is agreed on all sides, that where a lien is expressly reserved from the operation of a decree, it is not barred or impaired, and if the appellee's lien was reserved from the effect of the decree, then he may enforce it."

This case was approved and followed in *Indianapolis, etc., R. W. Co.* v. *Center Tp.*, 130 Ind. 89.

Whether or not this principle applies to the case at bar, depends upon the construction to be given to section 8641, *supra.* The language there used is: "The court shall ascertain the amount due to the party holding such tax deed, * * and shall decree the payment thereof, * * * and shall decree that such lands be sold therefor."

If this duty enjoined upon the court is an imperative one, one from which it cannot escape, then the reservation in the judgment cannot save appellant's tax lien.

We can readily conceive conditions where it would be impossible for the court to comply with this statute. Suppose that Millikan had been in possession and that

Werts had brought ejectment alleging that she was the owner and entitled to the possession, and Millikan had made default or offered no evidence whatever of the nature and character of his holding or of his claim, the court would not then be able to render a decree ascertaining the amount of the tax lien. It is only in such cases as where the parties seek it and ask it and it is made to appear that one of the parties has a tax deed, that the duty is made imperative upon the court.

It would seem that if neither party asks that the tax lien be ascertained and foreclosed, they might by agreement reserve it from the adjudication, and if they might reserve it by agreement they will be deemed to have reserved it if the court renders a judgment making such reservation and to which they make no objection.

But in this case it does not directly appear from the averments that the reservation was contained in the judgment itself. If the reservation was not contained in the judgment, then the claim for taxes must be deemed to have been adjudicated.

It is by force of our statute that the judgment in ejectment adjudicates the claim for taxes, hence the cases cited and relied upon by the appellant are not controlling. The appellant also cites and relies upon a line of cases which hold that when the plaintiff is defeated because his cause of action had not accrued at the time he instituted the suit, the judgment rendered does not bar another action. *Roberts* v. *Norris*, 67 Ind. 386 ; *Williams* v. *Lewis*, 124 Ind. 344.

These cases, however, we do not deem in point, for here the appellant relied upon his tax deed to give him possession, and he failed because it was invalid to confer title. Whatever cause of action he had either as a claim of title or for a lien upon the realty, had fully matured, and was in existence at the time he instituted his suit.

He did not fail because his action had not accrued. The moment his claim of title failed that of his adversaries was established. He was in court, and his adversary was claiming title, and if he wished to secure any claim of any kind against the lands he was bound to assert it then. This he could do under our statutes without having pleaded or asked for any such relief. *Jones* v. *Foley, supra.*

The appellant, relying upon *Beard, Treas.,* v. *Allen,* 141 Ind. 243; *Adams* v. *Davis,* 109 Ind. 10; *Rinard* v. *Nordyke, Treas.,* 76 Ind. 130, and other cases, insists that the lien for taxes is perpetual, and that nothing short of payment can serve to discharge or release the property from such charges.

We do not understand that these decisions go so far as to say that the person who makes the claim for taxes may not voluntarily release them, or estop himself either by record or *in pais.* If this were a suit by the appellee against the appellant to quiet title, and the appellant failed to assert his claim for taxes, surely it would not be contended that the judgment would not be a bar to a further claim on account of the same. *Green* v. *Glynn,* 71 Ind. 336.

It is further contended that as the larger portion of the taxes were paid since the sale as appears by the averments the judgment could not bar those paid since the execution of the deed.

It is a familiar rule that a single entire cause of action cannot be split up, and that a judgment rendered on a part of an entire cause of action will be a bar to the remainder.

The appellant's claim for a tax lien springs from the tax deed. Without the deed he could not assert or claim a lien.. The taxes and assessments paid subsequently to the sale were made to protect the lien already acquired,

and by force of the statute were added to it and constituted a part of a single claim. Without the tax title, all payments made by the appellant would have been but voluntary payments.

It is lastly contended that all the equities of this case are with the appellant; and that to hold that the judgment estops him from making any claim for the tax as paid, gives the appellees about $1,000 of appellant's money for nothing. This asserted to be little less than "judicial robbery."

It may be true that this result works a hardship, in this particular instance, but if so it is one that the appellant had the opportunity to have prevented if he had taken the proper steps when the trial of the ejectment proceedings was had.

Judgment affirmed.

Filed January 23, 1896.