## BRADSTREET COMPANY *v.* CITY OF JACKSON.

1. REPEAL OF STATUTE. *Privilege taxes. Municipalities.* Code 1892, §§ 2972, 3336. *Laws* 1896, p. 54, sec. 13.

    Where a city levied, under code 1892, § 2972, a privilege tax on commercial agencies while the law (code 1892, § 3336) imposing a state privilege tax on them was in force. it cannot collect such tax by suit after the repeal of the law. Laws 1896, p. 54, sec. 13.

2. SAME. *Executory rights. Exception as to.*

    Aside from contractual obligations, every executory right depending upon a statute is abrogated by the repeal of the statute.

3. JUDGMENT BY DEFAULT. *Appeal. When Supreme Court will reverse.*

    A judgment by default predicated of a declaration which wholly fails to state a cause of action will be reversed on appeal.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

The city of Jackson, appellee, was plaintiff, and the Bradstreet Company, appellant, was defendant in the court below. From a judgment by default against it the defendant appealed to the supreme court. The action was to recover the sum of $300 alleged to be due by defendant to the city of Jackson as a privilege tax for carrying on the business of a commercial agency for the years 1892 and 1893. A summons was duly issued and served on one Jones, alleged to be the agent of

defendant corporation, which was nonresident of the state. Defendant appeared for the sole purpose of contesting the jurisdiction of the court, and filed a plea in abatement, denying that Jones was its agent and that it had been legally served with process. Issue was joined on this plea and testimony heard. The court below held that Jones was the agent of defendant and that service of summons on Jones was sufficient. Defendant declined to plead to the merits, and a judgment was rendered against it for the sum of $300. The opinion of the court contains a further statement of the facts.

*Harper & Potter*, for appellant.

If this court should be of the opinion that the service of process on Jones was sufficient to warrant a judgment by default against defendant, still it was error so to do in this case, since the declaration on its face wholly fails to state a cause of action.

The action is based on code 1892, § 3336. A careful reading of this, and other sections bearing on it, will show that "commercial agencies" were not intended to be made subject to municipal privilege taxation.

If under § 3336, code 1892, commercial agencies were subject to municipal taxation, the action cannot be sustained, because that section was repealed expressly by the act (p. 54) of 1896.

"The effect of repealing a statute is to obliterate it as completely as if it had never been passed. It must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded while it was an existing law." *Musgrove* v. *Railroad Co.*, 50 Miss., 677; *Anding* v. *Levy*, 57 Miss., 58; 23 Am. & Eng. Ency. Law, 500.

*Starling & Harris*, for appellee.

The act of 1896 repealing the authority conferred upon mu-

nicipalities to levy a tax upon commercial agencies did not take away from the city the right of action for taxes already accrued, although said act was passed before suit was brought.

The tax when levied becomes a debt under the code, and is, therefore a vested right. The code of ·1892 provides that every legal tax levied is a debt, whether assessed, or properly assessed, or not, and may be recovered by action. Code 1892, § 3747; *Anding* v. *Levy,* 57 Miss., 58.

By a well considered case in Iowa it is held that where a city is given power to tax and has exercised the power, the tax is a debt due the city. The city levied a tax on a railroad, and the road was afterwards exempted by the state. The court held further that the vested right of the city could be no more divested than the vested right of an individual or private corporation. *City of Dubuque* v. *I. C. R. R. Co.,* 39 Iowa, 56; *State of Wisconsin* v. *Haben,* 22 Wis., 660.

Argued orally by *W. R. Harper,* for appellant.

CALHOON, J, delivered the opinion of the court.

We do not decide whether the service of process is valid, nor whether there was power in a municipality in Hinds county to tax appellant in view of code 1892, § 3336, providing that the payment of the tax to the auditor, etc., by a commercial agency "shall exempt the company or party carrying on such business from the payment of this tax in any county."

The only remaining question, and the question we will decide, is whether the case made can support the judgment by default taken. The policy of taxing the privilege of carrying on commercial agencies first appears in our legislation in code, 1892, § 3336, imposing an annual state tax of $300. This was repealed by Laws 1896, p. 54, sec. 13, and the repealing act has no saving clause. The declaration claims fifty per cent of the state tax for the years 1892 and 1893, levied by the city as a debt. The levy fell by the repeal. The United States and Ken-

tucky, Indiana, New York, North Carolina, and divers other states have a general law that any repeal, unless it so specially provides, shall have no effect on the situation as it was under the repealed law. Mississippi has no such statute, and so comes under a principle, nearly universal, that everything falls with the abrogated law not fully executed under it, except where contract rights have vested. Especially is this true in matters of taxation. Cooley, Taxation (2d ed.), p. 18, notes; 23 Am. & Eng. Ency. Law, 500b, note 5; *Id.*, 502-507, note 3; *Bryan's Administrator* v. *Harvey's Administrator*, 11 Texas, 311; *Blairdon* v. *Abel*, 5 Iowa, 5; *Gorley* v. *Sewell*, 77 Ind., 316; *Mount* v. *State*, 6 Blackf., 25; *McQuilkin* v. *Doe*, 8 Blackf., 581; *Hampton* v. *Com.*, 19 Pa., 334; *Taxing District* v. *Loague*, 129 U. S., 493; 9 Sup. Ct., 327, 32 L. ed., 780; *Williamson* v. *State of New Jersey*, 130 U. S., 189; 9 Sup. Ct., 453, 32 L. ed., 915. This last case distinctly holds that there is no element of private property in the right of a city to tax.

No element of contract can be predicated of this case. Mississippi is fully committed to the general doctrine stated in this opinion. *French* v. *State*, 53 Miss., 651; *Adams* v. *Fragiacomo*, 71 Miss., 417 (15 South., 798); *Musgrove* v. *Railroad Co.*, 50 Miss., 677; *Anding* v. *Levy*, 57 Miss., 58 (34 Am. Rep., 435). The case does not support the judgment by default, and the court below does not seem to have had its attention called to this question.

*Reversed and remanded.*