NAPOLEON B. SMITH v. FRANK GARDNER HARDWARE COMPANY.

1. MECHANIC'S AND MATERIALMAN'S LIEN.    *Code* 1892, §§ 2698, 2715.
   *Petition.    Judgment.    Injunction.    Owner of building.*
   If the petition for the enforcement of a materialman's lien, under
   Code 1892, §§ 2698-2715, granting the lien and providing for its
   enforcement by suit, to which the contractor for the erection of
   the building and the owner of the same are made defendants,
   wholly fail to state any cause of action against the owner a
   judgment against him is void and its execution may be enjoined.

2. SAME.    *Requisites of petition.    Code* 1892, § 2714.
   Such a petition fails to state any cause of action whatever against
   the owner, if it contains no averment of his personal liability
   to the plaintiff, or that at the date he was given notice, under
   Code 1892, § 2714, providing therefor, of plaintiff having furnished
   materials for use in the building for which he was indebted to the
   contractor.

FROM the chancery court of Jones county.

HON. STONE DEAVOURS, Chancellor.

Smith, appellant, was complainant in the court below; the
hardware company, appellee, was defendant there. From a de-
cree dismissing the bill of complaint and denying complainant
all relief, he appealed to the supreme court.

The appellee company filed its petition in a justice of the
peace court against one Ingram, a contractor, and appellant,
Smith, the owner, to enforce a lien for certain material furnished
Ingram. The petition does not aver Smith owed Ingram any-
thing at the time notice was given to him. Ingram did not an-
swer this petition. Smith did appear, and filed his answer, de-
nying any indebtedness to the contractor at the time notice was
served on him, and denying all the material allegations of the pe-
tition, and the case was continued at the request of plaintiff. At
a subsequent term of the justice of the peace court a judgment

was rendered as if by default against Smith, no disposition having been made of his answer. When execution on this judgment was sought to be levied, Smith filed the bill in this case seeking to permanently enjoin said execution, alleging, *inter alia,* that the judgment against him was obtained by fraud and that it was void.

*R. E. Halsell* and *Harper & Potter,* for appellant.

The judgment taken by default against Smith is clearly void on the face of the record. *Academy* v. *Port Gibson Co.,* 80 Miss., 526; *Reid* v. *Gregory,* 78 Miss., 249.

It was clearly erroneous in the court to enter judgment by default, while the answer of Smith, which was a complete and full denial of all the material allegations of the petition, remained on file and undisposed of. *Hambrick* v. *Dent,* 70 Miss., 59.

*Shannon & Street,* for appellee.

The burden of proof is on appellant to sustain the material allegations of his bill, where the same are denied by appellee's answer, and in this case he has not done so. *Williams* v. *Cammack,* 27 Miss., 209; *McGehee* v. *White,* 31 Miss., 41; *Kearny* v. *Jeffries,* 48 Miss., 343; *Fulton* v. *Woodman,* 54 Miss., 158; *Davis* v. *Hart,* 66 Miss., 642; *Shackelford* v. *Brown,* 72 Miss., 380.

There is a conflict in the proof as to whether appellant assumed the payment of appellee's claim, and the chancellor having decided the question of facts against him, it should be given the same weight as a verdict of a jury. *Davis* v. *Richardson,* 45 Miss., 499; *Apple* v. *Ganong,* 47 Miss., 189; *Harrington* v. *Allen,* 48 Miss., 492; *Wilson* v. *Beauchamp,* 50 Miss., 24; *Deredeyn* v. *Donovan,* 81 Miss., 696; *Vicksburg Bank* v. *Moss,* 63 Miss., 74; *Stevens* v. *Magee,* 81 Miss., 644.

TRULY, J., delivered the opinion of the court.

The judgment by default, taken in the court of the justice of the peace against N. B. Smith, even if regularly taken, was ab-

solutely void. The petition filed by appellee in that court, assuming it to be fully sustained by proof, shows no legal ground for recovery against Smith. There is no definite averment that Smith personally was legally or morally obligated to pay for any of the goods bought by Ingram, and the petition does not charge that he, at the date of the notice to him by appellee, was indebted in any sum to Ingram. There was no sufficient showing in this petition to put in motion the machinery granted to materialmen by chapter 77 of the code of 1892, nor to authorize the rendering of a judgment under § 2714. *Bradstreet Co.* v. *Jackson,* 81 Miss., 233, 32 So. Rep., 999. As the judgment against Smith was absolutely void, it follows that a consideration of the circumstances under which that judgment was taken, and as to when it was entered upon the docket, is unnecessary. It also follows that the chancellor should have perpetually enjoined the attempted enforcement of this void judgment. The decree is reversed, and the injunction against appellee restraining any attempt to enforce the collection of its judgment against N. B. Smith is made perpetual.

*Reversed.*