CITY OF AUGUSTA *vs.* JAMES W. NORTH and another.

Neither § 11, nor § 22, of article 1, of the constitution of this State, limits or restricts the power of the legislature to repeal any statute by which taxes have been imposed, or to prohibit the collection of taxes after they have been duly assessed and committed to the collector.

ON REPORT.

ASSUMPSIT to recover $4,170.50 for taxes assessed to the defendants, as commissioners of the sinking fund of the Ken. & Portl. Railroad Company, under Public Laws of 1868, c. 160.

The defendants relied upon Public Laws of 1869, c. 63.

*W. P. Whitehouse*, city solicitor for the plaintiff.

Public Laws of 1869, c. 63, § 2, is in violation of the constitution of this State, art. 1, § 11.

The tax having been duly assessed and committed, a liability on the part of the defendants to pay it, was thereby created; and when the liability became fixed, the tax had become a debt from the defendants to the plaintiff.

City of Augusta v. North.

A tax is a debt *sui generis*, arising from an implied contract, and partaking also of the nature of a judgment, and as such it carries with it an obligation which the legislature cannot impair. 3 Bl. Com., 160. Bouv. Law Dict., Debt.

A tax is recognized and provable as a debt, under the statute, for the settlement of insolvent estates. It may be collected by action, but generally under a collector's warrant, which is in the nature of an execution.

It is a debt of highest character, and its prompt collection so essential to the existence of the government that it cannot be subject-matter of set-off. *Camden* v. *Allen*, 2 Dutcher, 398. The parties stand in the relation of debtor and creditor. *Multnomah Co.* v. *Oregon*, 1 Oregon, 358. All taxes payable in money are debts. *Rhodes* v. *O'Farrell*, 2 Nevada, 60. But see, as precisely in point, *Munroe Co. Savings Bank* v. *City of Rochester*, 37 N. Y.

*Lane Co.* v. *Oregon*, 7 Wall. 71 ; *Pierce* v. *Boston*, 3 Met. 520 ; *Shaw* v. *Peckett*, 26 Verm. 482, turned upon the construction of peculiar statutes.

*A. Libbey & J. W. Bradbury*, for the defendants.

APPLETON, C. J. By an act approved Feb. 17, 1868, c. 160, personal estate, held as a trust fund, was made liable to taxation.

By virtue of that statute, the tax in question was duly assessed to the defendants as commissioners of the sinking fund of the Ken. & Portl. Railroad Co., and the lists were seasonably committed to the collector for collection.

The act approved March 12, 1869, c. 63, repeals c. 160 of the preceding year, under and by virtue of which the tax in dispute was assessed. By § 3 the act took effect when approved.

By § 2, " No proceedings under the act hereby repealed shall be hereafter enforced."

The plaintiffs seek to enforce the collection, notwithstanding the express prohibition contained in § 2, on the ground that a tax duly assessed is a debt within the meaning of the provision of the con-

stitution of this State, art. 1, § 11, which prohibits the legislature from passing any law "impairing the obligation of contracts."

But a tax duly assessed is not a debt. It is an impost levied by the authority of the State upon its citizens. There is no promise on their part to pay. The proceedings throughout are *in invitum.* A debt is a sum due by express or implied agreement. It was held in *Pierce* v. *Boston,* 3 Met. 520, that taxes being neither judgments nor contracts, were not the subject of set-off. "Nor are taxes," observes Shaw, C. J., "contracts between party and party either express or implied, but they are the positive acts of the government through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent, individually, is not required." In *Shaw* v. *Peckett,* 26 Verm. 482, it was held that the assessment of taxes did not create a debt that could be enforced by suit, or upon which a promise to pay interest could be implied. In *Lane County* v. *Oregon,* 7 Wall. 71, it was decided that the clauses in the several acts of congress of 1862 and 1863, making United States notes a legal tender for debts, had no reference to taxes imposed by State authority, the court holding that congress had in contemplation "debts originating in contract or demands carried into judgment, and only debts of this character."

The only clause in the constitution of this State relating to taxes is found in art. 1, § 22, and is in these words: "No tax or duty shall be imposed without the consent of the people or of their representatives in the legislature." But this section relates only to the imposition of taxes. It in no respect limits or restricts the power of the legislature to repeal any act by which taxes have been imposed, or to prohibit their collection. The legislature have the same right to remove a burden as to impose it. It was a matter for their determination, and it is not for this court to say that a tax shall be enforced, which they, by statute, decree shall not be enforced.

*Plaintiff's nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS, and TAPLEY, JJ,, concurred.