## No. 8784.

### City of New Orleans vs. L'Hote & Co.

Where a tax was duly levied on a factory for the manufacture of articles of wood by the City of New Orleans, and included in the City budget for 1879, collectible in 1880, an exemption therefor cannot be claimed under Article 207 of the present Constitution, subsequently adopted. That Article had no retroactive effect. The case comes within the scope of the decisions of City vs. Vergnole and Succession of Dupuy, 33 An. 39 and 258.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*J. Ward Gurley, Jr.* for Plaintiff and Appellee.

*Chas. S. Rice* for Defendants and Appellants.

The opinion of the Court was delivered by

Todd, J. The defendants are appellants from a judgment condemning them to pay a tax on property described as a factory for the manufacture or making of articles of wood.

It is claimed that the property or factory is exempt from taxation, under Article 207 of the present State Constitution, and this presents the only question for determination, other issues raised by the pleadings having been abandoned.

The tax in question was levied prior to the adoption of the present State Constitution, being the tax assessed in 1879, to be collected in 1880. When this levy was made the property in question was clearly subject to taxation, there being then in existence no provision for its exemption, constitutional or legal.

148

In the cases of the City vs. Vergnole, 33 An. 36, and Suc. of Dupuy, 33 An. 258, we held, after mature deliberation, that the restrictions and limitations, respecting taxes and licenses, which would include also exemptions, established by the Constitution of 1879, had no retroactive effect.

The instant case comes clearly within the scope of those decisions, and the reasons therein given for the conclusions announced are equally applicable to the case before us.

Judgment affirmed.