Filed May 14, 1895.

————————•————————

No. 16,973.

BEARD, TREASURER, *v.* ALLEN.

TAXES.—*Foreclosure of Liens by State and Sale.—Certificate of Purchase Assigned to Owner.—Land Liable for Remainder Due.*—Where the lien of the State for taxes is foreclosed, the land sold for less than the amount of the decree of foreclosure, and the certificate of pur-chase assigned by the purchaser to the owner of the land, such land, in the hands of such owner, is liable for the remainder due on the decree.

SAME.—*Rights of Purchase Under Decree Foreclosing Tax Lien.*—A pur-chaser at a sale under a decree procured by the State foreclosing the lien of the State for taxes takes such land freed from the tax-lien for which it was sold, although the proceeds arising from the sale are not sufficient to satisfy the amount of the taxes due.

SAME.—*Effect of Foreclosure of Lien of State for Taxes.*—The foreclosure of its lien for taxes, by the State, does not merge such lien in the judgment.

SAME.—*Extent of Lien of State for Taxes.—Payment.*—The lien of the State for taxes is perpetual for all taxes due from the owner of prop-erty, and all property owned by him in the county is liable for all

taxes chargeable to him. Nothing short of payment can relieve such property from the lien.

From the Huntington Circuit Court.

L. P. *Milligan* and S. E. *Cook*, for appellant.
J. *Morris* and A. A. *Chapin*, for appellee.

JORDAN, J.—The appellee herein successfully prosecuted this action against the appellant, treasurer of Huntington county, in the court below, to enjoin the collection of certain taxes, and to quiet her title to real estate, as against the land taxes. The errors assigned and complained of by appellant are:

1st. That the court erred in overruling the demurrer to the complaint.

2d. That the court erred in sustaining the demurrer to the answer.

These alleged errors may, under the facts and the questions involved, be considered together.

The facts, as they appear from the complaint and answer, are in substance as follows: That in 1890, and prior thereto, the appellee, together with other heirs of one Mahan, owned and held certain lands, undivided, situated in Huntington county, Indiana, the interest of the appellee, as such heir, being an undivided one-half therein; that during the time that appellee and the others, who were tenants in common with her, owned and held the real estate in question, as above stated, the taxes in controversy were levied and accrued thereon; that under and in pursuance of section 2147 (Elliott Supp.) of the statute pertaining to taxes, the auditor of the county certified to the prosecuting attorney, which officer, in the name of the State, upon his relation in an action in the circuit court of said county, wherein the appellee and others were defendants, on February 5, 1890, obtained a judgment or decree, for the sale of the lands, in satisfac-

tion of the delinquent taxes thereon; that at the time of the rendition of said judgment, appellee was, and still is, a nonresident of the State of Indiana, and that no personal judgment was rendered against her; that she has no personal property within the State of Indiana, and that the land in question is of the value of $3,000.

It is further shown that the amount of the delinquent taxes, together with penalty, interest and cost at the time the decree was rendered amounted to $1,060.27; that an order of sale was issued upon this judgment, and the lands upon which the tax lien had been foreclosed were advertised and sold by the sheriff on March 26, 1890, to one Bash for $165.00; that Bash assigned his certificate of purchase to Henry C. Paul; that no redemption having been made, the sheriff executed a deed to the latter on April 2, 1891, and that Paul and his wife, for a valuable consideration, sold and conveyed the realty in question on October 31, 1891, to the appellee herein, who, at the commencement of this action, was the owner thereof; that after the appellee became vested again with title to the lands, the county auditor entered upon the tax duplicate the remainder unpaid of said taxes for which the real estate had been sold, an amount sufficient not having been realized from said sale to pay the delinquent taxes, and that the appellant as such treasurer is threatening to enforce the collection of said taxes remaining unpaid against said land.

The foregoing summary of facts presents for our consideration but a single question, namely: Can the payment of the remainder of these unpaid delinquent taxes be enforced against this real property of the appellee?

The point involved is perplexing, and the authorities cited by the parties *pro* and *con* aid us but little in the solution thereof. A proper consideration of the contentions of the appellant require an examination of several

sections of the statutes of this State, pertaining to taxes, which were in force during the time the several proceedings in question were had. Section 6446, R. S. 1881, provides that "the lien * for all taxes * shall attach on * the first day of April, annually, and such lien shall be perpetual for all taxes due from the owner thereof, which have heretofore accrued, or shall hereafter accrue, with the interest and penalties * until payment. Such lien shall in nowise be affected or destroyed by any sale or transfer." Section 6447, R. S., provides that "all the property, both real and personal, * shall be liable for the payment of all taxes, etc., charged to the owner thereof * and no partial payment of such taxes, * shall release or discharge any part or portion of such property until the whole be paid, etc." Section 6321 provides that "the undivided real estate of any deceased person may be listed to the heirs or devisees of such person, etc. Each heir or devisee shall be liable for the whole of such tax, and shall have a right to recover of the other heirs or devisees their respective proportions thereof, when paid by him, etc." Section 2147, *supra* (Elliott Supp.), provides that lands that have been offered for sale for three years in succession, and remain unsold for want of bidders, shall be certified, by the auditor, to the prosecuting-attorney, who shall bring suit in the circuit court, in the name of the State of Indiana, on the relation of that officer, against the owner, making all persons parties to the action, who claim or appear to have an interest in the realty, for the purpose of obtaining a judgment on the lien for such delinquent taxes.

Section 6492, R. S. 1881, provides for the decree that the court shall render, and for the sale of the lands by the sheriff as other real estate is sold upon execution, etc. Section 2147, *supra*, which is an amendment to 6491, R. S. 1881, and section 6492, *supra*, provides for a

resort to judicial proceedings in aid of the collection of the delinquent tax when the usual or ordinary methods provided for by the tax statute have been exhausted and the tax still remains unpaid.

The action contemplated by the section above mentioned is one at least for a decree of the court ordering the specific property sold to enforce the payment of the delinquent taxes. It is evident that when lands are sold under and in pursuance of this special provision of the tax law that the person, other than the owner, who was originally liable for the tax, who purchases at the sheriff's sale, and obtains from that officer a conveyance therefor, will take and hold the premises, freed from the tax lien for which the same were sold, although the proceeds arising from the sale were not sufficient to satisfy said taxes.

The position of appellee's learned counsel is that the lien was merged in the judgment obtained in the action instituted by the State's attorney, and that the sale of the lands, in pursuance of this decree of the circuit court, operated to pay and satisfy the taxes in full and extinguish the lien therefor, notwithstanding the fact that the proceeds of the sale were not sufficient to accomplish the purpose for which the realty was sold.

It is true that the premises having once been sold under the deree, and not redeemed, exhausted the power to sell them again thereunder.

But the contention of the appellee that the tax lien in question was merged in the judgment obtained is erroneous and has no reasonable support. The statute merely provides a remedy for a judicial condemnation and sale of the property for the payment of the delinquent tax, and in no wise is the lien merged in the proceedings or judgment. It may properly be said to be terminated as against the lands, in the hands of the purchaser at the

sheriff's sale, but it is not extinguished or destroyed as to the portion of the taxes unpaid to the extent of preventing it from attaching to property after acquired by the tax debtor. It can not be established as a legal proposition that, under the facts in this case, the lien was merged, as contended, and that the sale operated as satisfaction of the taxes and destroyed the lien for the future.

The rights of the State, under the proceedings in controversy, could not and ought not to be abridged in this manner. The case of *Evansville Gas-Light Co.* v. *State, ex rel.*, 73 Ind. 219, by analogy, lends support to this conclusion.

Under section 6321, *supra*, appellee as the owner of an undivided interest in and to the lands, as the heir of one Mahan, was liable for the payment of the whole of the taxes, her remedy and right, upon paying the same, being fully reserved by this section. The duty to pay them was enjoined upon her by law, and her failure so to do will not enable her to reap any advantage from her own wrong in her attempt to defeat the payment by an action in court.

It appears from the provision of the tax law cited that this lien is made perpetual for all taxes due from the owner, and that all property owned by the tax debtor, both real and personal, situated in any county, is made liable for the payment of all taxes charged to him or her. As said by this court in *Justice* v. *City of Logansport*, 101 Ind. 326: "It would have been difficult, if not impossible, for (the law makers) to have employed stronger words." The liability thus incurred ceases only with payment. *Adams* v. *Davis*, 109 Ind. 10.

This court has further declared that nothing short of the payment of the taxes, interest and penalties can serve to discharge or release the property of the owner

charged therewith from the liability imposed by the statute. *Rinard* v. *Nordyke, Treas.*, 76 Ind. 130; *Mesker* v. *Koch, Treas.*, 76 Ind. 68; *Foresman* v. *Chase*, 68 Ind. 500.

Applying the provisions of the tax law above referred to, and the principles established by the decisions of this court, which we have cited, to the facts in this cause, we are led to the conclusion that the liability of the appellee for the payment of the taxes, interest and penalties in suit, may be enforced by the proper officers in the usual method, provided by law, for the collection of delinquent taxes in the first instance. It can not in reason be said, that had appellee acquired the ownership of property other than that in controversy from Paul, the payment of these taxes could not have been enforced against it. This being true, what renders the lands in question in her hands so sacred that they, in like manner, can not be subjected to the payment thereof? We fail to find any law in point or reason for denying this right to the State under the facts and circumstances in this action. It is not an attempt, upon the part of appellant, to force a sale of the lands through this judgment; that of course could not be done. It will not be denied, we presume, that had the action in question been one to foreclose a mortgage in which a personal judgment had been recovered against appellee on her mortgage indebtedness, the mortgaged premises sold upon the order of sale and conveyed to Paul, and a sum not sufficient realized from the sale to satisfy the judgment in full, and that thereafter the mortgaged lands, so sold and purchased, were conveyed to appellee, but what the lien of the judgment to the extent of the remainder unpaid would attach to the realty *eo instanti* when appellee again became vested with the ownership thereof. From the reasoning herein it follows that we must adjudge that when appellee became reinvested with the

title to the lands in controversy they became liable for the payment of these unpaid taxes, interest and penalties accrued thereon; and appellee was not entitled to injunctive relief against the same. See *Reynolds, Aud.,* v. *Bowen, Admr.,* 138 Ind. 434.

The judgment of the trial court is reversed with cost, with instructions to overrule the demurrer to the answer, and sustain it to the complaint, and to proceed in accordance with this opinion.

Filed Feb. 1, 1895.

## On Petition for a Rehearing.

Jordan, J.—Appellee has petitioned for a rehearing in this cause, and we have again given the question, decided in the original opinion, careful consideration; but are unable to yield our sanction to the contention of her learned counsel that we erred in the conclusion at which we arrived relative to the point presented upon the action of the trial court in sustaining a demurrer to appellant's answer. It appears from the allegations of this answer that at the time the taxes in controversy were assessed, and accrued, appellee held and owned, as an heir of Samuel Mahan, an undivided one-half interest in the real estate in question, as a tenant in common, along with other heirs of said ancestor. These facts, among others, we think are fairly and clearly shown by the answer. Counsel for appellee are mistaken in their claim that the answer presents the question of the liability of the heir for the payment of taxes assessed upon the inherited real estate during the life time of the ancestor. This question was neither involved nor decided by us in the original opinion. The summary of facts stated in the opinion of the court was made up in part from the complaint and part from the answer; but the principal question presented for our decision was

Louisville, New Albany and Chicago R. W. Co. v. Bodenschatz.

upon the sufficiency of the answer to constitute a bar to the action. In the mandate awarded, we, through inadvertence, directed the trial court to sustain the demurrer to the complaint. In this respect there should be a modification of the mandate. It is therefore ordered by the court that the original mandate in this cause is hereby modified by vacating and setting aside that part thereof only which directs the court to sustain the demurrer to the complaint leaving it to stand so far as it reverses the judgment and directs the demurrer to the answer to be overruled, and to proceed in accordance with the opinion.

Petition for a rehearing is overruled.

Filed May 3, 1895.