(123 N. W. 888.)

---

Michael Hanson  v.  Mari Franklin, D. S. B. Johnson Land and Mortgage Company, a Corporation, Elizabeth A. Matthews and Henry N. Matthews, as Executors of the Last Will and Testament of George L. Matthews, Deceased, and the County of Grand Forks, North Dakota, a Municipal Corporation, and the State of North Dakota.

Opinion filed October 21, 1909.

**Taxation — Tax Judgment — Limitation of Actions.**

1. Tax judgments obtained under the provisions of section 57, chapter 132, page 398, Laws 1890, are not ordinary money judgments, and do not expire by the statute of limitations.

**Same — Statutary Construction — Retrospective Operation.**

2. Section 57, chapter 132, page 398, Laws 1890, being purely remedial, and merely giving a remedy to enforce existing rights and obligations, is to be construed as applying to taxes levied (but not collected) prior to its passage as well as to those levied thereafter.

**Partnership — Proof of Partnership.**

3. The evidence sufficiently shows that John A. Johnson was a member of the firm of Johnson & Gregerson.

**Judgment — Defective Return of Process — Collateral Attack.**

4. The return of the service of the citation issued for the taxes of 1891 sufficiently shows service on John A. Johnson. The inserting of the name "John O. Fadden," in said return, was a clerical mistake, and will not vitiate the judgment. Defects in the proof of service of a process must be taken advantage of in a direct proceeding, and will not furnish grounds for a collateral attack on the judgment.

**Taxation — Proceedings to Collect — Statutory Provision — Mandatory and Directory.**

5. The provisions of chapter 132, page 376, Laws 1890, with reference to the filing of the tax list with the county auditor, the delivery of such list to the board of county commissioners, and the filing of a copy thereof with the clerk of the district court, are not mandatory, but directory.

**Pleading — Amendment to Conform to Proof.**

6. The judgment and the taxes on which they were rendered, were liens on the real estate in controversy. Hence appellant was not prejudiced by the allowance of the amended answer, setting up the taxes as additional liens on the said real estate.

**Evidence — Taxation — Citation as Proof of Legal Tax.**

7. Citations issued for the taxes of each year were introduced in evidence, and were prima facie evidence of the legality of the taxes assessed for these years.

**Same — Tax Liens — Effect of Repeal of Statute Creating.**

8. Where judgments were obtained and docketed for personal property taxes pursuant to the provisions of chapter 132, page 316, laws 1890, and became liens upon the real property in question, such 'iens continued, notwithstanding the repeal of the law under which the liens were acquired.

Appeal from District Court, Grand Forks county; *Templeton, J.*

Action by Michael Hanson against Mari Franklin and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*W. J. Mayer (Bangs, Cooley & Hamilton,* of Counsel), for appellant.

After ten years a judgment is dead for all purposes. Merchants' Nat. Bank v. Braithwaite, 7 N. D. 358, 75 N. W. 244; Ruth v. Wells, 83 N. W. 568.

Amendment must not change substantially the claim or cause of action. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; Buxton v. Sargent, 7 N. D. 503; 75 N. W. 811; Murphy v. Plankinton Bank, 100 N. W. 614.

Judgment is void where lack of service appears on face of record, Laney v. Garbee, 24 Am. St. 391; Hyde v. Redding, 16 Pac. 380; Harris v. Sargent, 60 Pac. 608.

Lien of personal property tax prior to 1890 was surrendered by the State. Gull River Lumber Co. v. Lee, 7 N. D. 135, 73 N. W. 430.

*J. B. Wineman,* for respondents.

As a condition of relief in equity, applicant must pay or tender just taxes chargeable against his property. State Finance Co. v. Mather, 109 N. W. 350, 15 N. D. 386; Beggs v. Paine, 109 N. W. 323, 15 N. D. 436; Nind v. Myers & Beck, 109 N. W. 335, 15 N. D. 400; State Finance Co. v. Beck, 109 N. W. 357, 15 N. D. 374;

State Finance Co. v. Trimble, 112 N. W. 984, 16 N. D. 199; Tracy v. Wheeler, 107 N. W. 68, 15 N. D. 248.

Tax judgment is different from ordinary money judgment. Nichols v. Disler, 31 N. J. L. 461; Nind v. Myers, supra; Danforth v. McCook County, 76 N. W. 940.

Tax lien does not merge into a judgment rendered in an action to enforce it. Boyd v. Ellis, 18 S. W. 29; Beard v. Allen, 39 N. E. 665; Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241.

Statute of limitations do not apply to proceedings to collect taxes. The Iowa Land Co. v. Douglas County, 67 N. W. 52; Merriwether v. Garnett & Sons, 26 L. Ed. 197; Lane County v. Oregon, 7 Wall 71; City of Augusta v. North, 57 Maine 392; City of Camden ·v. Allen, 26 N. J. L. 398.

Chap. 123 Laws of 1890 is both prospective and retrospective in its operation. Re Taxes, Hennepin County v. Baldwin, 65 N. W. 80; Galusha v. Wendt, 87 N. W. 512; State v. Pors, 83 N. W. 706; State v. Myers, 52 Wis. 628, 9 N. W. 777; Gager v. Prout, 26 N. E. 1013; Sellars v. Barrett, 57 N. E. 422; Biggins v. People, 106 Ill. 270; Beresheim v. Arnd, 90 N. W. 506.

Clerical error in substituting name of officers for name of party served will not vitiate. Gibbs v. Southern, 116 Mo. 204; 19 Enc. Pl. & Pr. 707.

Tax judgment cannot be impeached collaterally. Poirier Mfg. ·Co. v. Kitts, 120 N. W. 558; McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243; Van Gordon v. Goldamer, 16 N. D. 323, 113 N. W. 609.

Under Chap. 132 p. 376, Laws of 1890 as to filing of tax list, and its delivery to County Commissioners etc., are directory merely. Wells County v. McHenry, supra; Beard v. Allen, supra; Danforth v. McCook, 76 N. W. 940; In Re Taxes, Hennepin County v. Baldwin, supra; Iowa Land Co. v. Douglas County, supra; Calusha v. Wendt, supra; State Finance Co. v. Mather, supra; Beggs v. Paine, supra; Nind v. Myers, supra.

CARMODY, J. Plaintiff, claiming to be the owner in fee of the two quarter sections of land in controversy, situated in Grand Forks county, brought this action to determine adverse claims. The complaint is in the statutory form provided by section 7522, Rev. Codes 1905. The defendants, the state of North Dakota and the county of Grand Forks answered, setting up and claiming as liens adverse to plaintiff's title certain personal tax judgments rendered June 17, 1893, against John A. Johnson, a former owner of the land describ-

ed in the complaint, for personal taxes claimed to be due from said John A. Johnson for the years 1884, 1885, 1887, 1888, 1890, and 1891, also claiming a lien for real estate taxes for the year 1907. Before the entry of judgment in this action, the real estate taxes were paid, and do not enter into this controversy. The proceedings resuulting in these tax judgments were had under the authority of section 57, c. 132, p. 398. Laws 1890. Upon these issues the case came on for trial before the court without a jury. Several weeks after the case was closed, but before the findings had been made by, the court, the answering defendants, over plaintiff's objection, were permitted to amend their answer to conform to the proof, setting up as an additional defense the liens of the personal taxes upon which the judgments had been rendered. Thereafter, and upon the findings and order for judgment made by the court, judgment was entered in favor of the answering defendants and against the plaintiff, dismissing plaintiff's cause of action, and adjudging each and all of the judgments to be liens on the said real estate, and further adjudging that, independent of the judgments, the personal taxes of the several years were themselves liens on said real estate. The plaintiff appealed from the judgment, and desires a review of the entire case in this court. Proceedings were instituted against John A. Johnson and Johnson & Gregerson under the provisions of section 57, c. 132, p. 398, Laws 1890. Seven citations were issued and personal services obtained on John A. Johnson, and on June 17, 1893, judgment by default was taken in each case in the district court of Grand Forks county for the taxes, with interest, penalties, and costs. The judgments were duly docketed on July 3, 1893.

Appellant contends, first, that the lien of the tax judgments expired by lapse of time before the commencement of this action; second, as regards the taxes of 1884, 1885, 1887 and 1888, the court was wholly without jurisdiction of the subject-matter, that chapter 132, p. 376, Laws 1890, was clearly prospective in its operation; third, that two of the tax judgments, one for 1887 and one for 1888, were rendered against a co-partnership in the firm name of Johnson & Gregerson, and that there is no evidence to show that John A. Johnson was a member of the copartnership; fourth that there was no service of the citation upon John A. Johnson for the taxes of 1891; fifth that the proceedings which resulted in the judgments for the taxes of 1890 and 1891 were had in total disregard of the provisions of sections 55, 56, 57, c. 132, Laws 1890; sixth, that the court

exceeded its authority in permitting the answering defendants to amend their answer as hereinbefore stated; seventh, that there is no competent evidence of the existence of any taxes or tax liens; eighth that there can be no lien for the taxes of 1884, 1885, 1887, and 1888 for the further reason that section 1239 of the Revised Codes of 1895, being the same as section 1612 of the Complied Laws of 1887, was expressly repealed by section 110, c. 126, p. 297, Laws 1897, without any saving clause. We shall dispose of these propositions in the order in which they are stated.

Appellant's contention that the lien of the tax judgments expired by lapse of time, the judgments having been rendered more than 10 years before the commencement of this action, and that after 10 years a judgment is dead for all purposes, must be overruled. The proceeding by which a tax judgment under the provisions of section 57, c. 132, Laws 1890, is obtained, is a statutory proceeding instituted by the state against delinquent taxpayers to aid in the collection of delinquent personal property taxes. We do not regard such judgments as ordinary judgments for money. A tax judgment is but a means provided by revenue statutes for the collection of taxes. The personal taxes for the years 1884, 1885, 1887, and 1888 were levied and assessed under the provisions of the revenue laws of the territory of Dakota, and were by such laws made a lien upon real property owned by the person against whom the taxes were assessed, or to which he might acquire title. As to these taxes the judgments did not creat new liens, but were a means to enforce the state's liens created by law, and not to create new liens. The personal taxes for 1890 and 1891 became liens on real property from the date of docketing the judgments obtained for such taxes. A tax judgment not being a judgment in a civil action, and not being an ordinary judgment for money, does not expire by the statute of limitations. Succession of Armand Mercier on Opposition of the City of New Orleans, 42 La. Ann. 1135, 8 South. 732, 11 L. R. A. 817. In addition to the said tax judgments being liens upon said real estate, the taxes for which the judgments were obtained are liens on the said real estate. Taxes are generallly defined as burdens or charges imposed by legislative authority on person or property to raise money for public purposes, or more briefly, an imposition for the supply of the public treasury. 27 Am. & Eng. Enc. of Law (2d Ed.) p. 578. A tax in its essential characteristics is almost universally held not to be a debt or in the nature of a debt. The

distinction between a debt and a tax is that one rests on contract; the other does not. A debt is a sum of money due by contract. express or implied; while a tax is a charge on person or property to raise money for public purposes, and operates in invitum. Unless it is so provided by statute, taxes do not bear interest, and cannot be enforced by means of an action of debt. 27 Am. & Eng. Enc. of Law (2d Ed.) 580-581, and cases there cited. Merriweather v. Garrett, 102 U. S. 472, 26 L. Ed. 197; Iowa Land Co. v. Douglas County, 8 S. D. 491, 67 N. W. 52; Greenwood v. Town of La Salle, 137 Ill. 225, 26 N. E. 1089; Beard v. Allen, 141 Ind. 243, 39 N. E. 665, 40 N. E. 654; Danforth v. McCook, 11 S. D. 258, 76 N. W. 940, 74 Am. St Rep. 808; City of Augusta v. North, 57 Me. 392, 2 Am. Rep. 55; City of Camden v. Allen, 26 N. J. Law, 398. In Danforth v. McCook, the Supreme Court of South Dakota says: "A tax is not a debt in the ordinary sense in which that term is used, but is a charge or burden imposed on property for the benefit of the public." It is within the constitutional power of the Legislature to make the tax a lien superior to any other security, incumbrance, or lien arising either before or after the assessment of the tax. The taxes for the years 1884, 1885, 1887, and 1888 were levied and assessed under the provision of the revenue laws of the territory of Dakota, and were by such laws made liens upon real property owned by the person against whom the taxes were assessed, or to which he might acquire title. The personal taxes for 1890 and 1891 became liens on real property from the date of docketing judgments obtained for such taxes. It is well settled that, when a judgment is recovered for back taxes, the lien of the taxes will not be merged in the judgment. 27 Am. & Eng. Enc. Law (2d Ed.) 743, and cases cited; Beard v. Allen, 141 Ind. 243, 39 N. E. 665, 40 N. E. 654; Greenwood v. Town of La Salle, 137 Ill. 225, 26 N. E. 1089; Boyd v. Ellis, 107 Mo. 394, 18 S. W. 29.

We do not think that chapter 132, Laws 1890, was only prospective in its operation. It is true that in Wells County v. McHenry, 7 N. D. 246, 266, 74 N. W. 241, 248, Chief Justice Corliss, in delivering the opinion of the court, uses this language, which is found on p. 266: "As the act of 1890 is clearly prospective in its operation, there is nothing in its provisions inconsistent with the continued existence of the old statutes regulating interest on delinquent taxes." While the language might indicate that the court held that law prospective in its operation, it was only referring to the penalty and in-

terest on delinquent taxes. Chaper 132 of the Laws of 1890 amended that part of the revenue law relating to penalty and interest on delinquent taxes, and, of course, could apply only to taxes assessed and becoming delinquent after the time said chaper 132 went into effect, but it surely was not prospective so far as it affected the collection of delinquent taxes, and applied as well to taxes that were assessed and became delinquent before its passage as to taxes assessed and becoming delinquent thereafter. In Re Taxes Hennepin County v. Baldwin, 62 Minn. 518, 65 N. W. 80, the Supreme Court of, Minnesota, in construing a similar statute, says: "The statute in question does not impair any vested right, or create any new right, or impose any new obligation. It is purely remedial, and merely gives a remedy for enforcing existing rights and obligations. Such statutes are to be liberally construed in order to accomplish the beneficent purpose for which they were enacted; and, unless a different legislative intent is expressed or clearly implied, they will generally be construed to apply to rights and obligations that accrued before enactment, as well as to those to accrue thereafter." We think the same construction should be given to the statute under consideration. A careful reading of section 57 of chapter 132 convinces us that the Legislature intended it to be retroactive. So far as the act simply affords a remedy, it may be used or employed to enforce a pre-existing right as well as one subsequently accruing. It makes no difference when the cause of action arose. The remedy, when given, may be availed of. The general purpose of legislation of this class, namely, to provide means for enforcing the obligation of each individual to contribute to the expenses of the government according to the taxable property owned by him, whenever he shall have escaped or evaded that obligation, has many times received the commendation of the courts. Galusha v. Wendt, 114 Iowa, 597, 87 N. W. 512; State v. Pors, 107 Wis., 420, 83 N. W. 706, 51 L. R. A. 917; State v. Myers, 52 Wis. 628, 9 N. W. 777; State v. Baldwin 62 Minn., 518, 65 N. W. 80; Gager v. Prout, 48 Ohio St. 89, 26 N. E. 1013; Sellars v. Barrett, 185 Ill. 466, 57 N. E. 422; Biggins v. People of Illinois, 106 Ill. 270; Beresheim v. Arnd, 117 Iowa 83, 90 N. W. 506.

We think the evidence sufficiently shows that John A. Johnson was a member of the firm of Johnson & Gregerson. The copy of the revised list of delinquent personal property taxes filed in the clerk's office February 20, 1893, certified to by the county auditor,

shows that personal property taxes were assessed against John A. Johnson and J. C. Gregerson for the years 1887 and 1888. The return of the sheriff of Grand Forks county shows that he served the citations issued against Johnson & Gregerson for such delinquent personal property taxes, one of them on John A. Johnson a member of the firm of Johnson & Gregerson, the other on J. A. Johnson, a member of said firm, both served on the same day. Taxes assessed on the personal property of a firm are a lien on the land of a partner. Bibbins v. Clark, 90 Iowa, 230, 57 N. W. 884, 59 N. W. 290 29 L. R. A. 278.

It is claimed by appellant that the return of the officer shows that there was no service of the citation upon John A. Johnson for the taxes of 1891. The return is as follows: "The within citation came to my hand on the 23rd of February, A. D. 1893, and I hereby certify that I served the same by delivering to and leaving with said John O. Fadden personally, a true, full and correct copy. Returned April 1st, A. D. 1893. John O. Fadden, Sheriff of Grand Forks County, N. D." It appears from the records in this case that John O. Fadden was sheriff of Grand Forks County at that time; that he served seven citations on John A. Johnson on the same day. The citation in question was entitled: "The State of North Dakota, plaintiff, v. John A. Johnson, defendant." The citation ran: "The State of North Dakota to John A. Johnson, the defendant herein." It is clear to us that the inserting of the name "John O. Fadden" was a clerical mistake, and will not vitiate the judgment. Gibbs v. Southern, 116 Mo. 204, 22 S. W. 713. Defects in the proof of service of a process must be taken advantage of in direct proceedings, and will not furnish grounds for a collateral attack on the judgment. 19 Enc. of Pleading & Practice, p. 707. A tax judgment cannot be impeached collaterally. Gribble v. Livermore, 64 Minn., 396, 67 N. W. 213. As far as the record shows, no objection to the service was taken in the trial court. Objections not raised in the trial court will not be considered by this court. Poirier Mfg. Co. v. Kitts, 120 N. W. 558; McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243; Van Gorden v. Goldamer, 16 N. D. 323, 113 N. W. 609.

Sections 55, 56, and 57 of chapter 132 of the Laws of 1890, as far as material here, are, in substance, as follows: Section 55 provides that all unpaid personal property taxes shall be deemed delinquent on the 1st day of March next after they become due; that

after the 1st day of March in each and every year, the county treasurer shall immediately proceed to collect all delinquent personal property taxes, and, if not paid on demand, he shall distrain the goods and chattels of the person charged with such taxes. Section 56 provides that, if the county treasurer is unable for want of goods whereupon to levy to collect by distress or otherwise the taxes, or any part thereof which may have been assessed upon the personal property of any person or corporation, or any executor or administrator, guardian, receiver or accounting officer, agent, or factor, such treasurer shall file with the county auditor on the 1st of June following a list of such taxes, and that the county auditor shall deliver such list to the board of county commissioners at their first session thereafter. Section 57 provides that, within 10 days after the adjournment of the board, the auditor shall file a copy of such list with the clerk of the district court, and that within 10 days thereafter the clerk shall issue and deliver to the sheriff for service a citation to each defendant named on the list. Appellant contends that the proceedings which resulted in the judgments for the taxes of 1890 and 1891 were had in total disregard of the foregoing provisions; that the citations show upon their face that the list was not delivered to the clerk until February 20, 1893; and that the court was without jurisdiction to proceed upon the citations issued in February, 1893. He cites no authority to sustain his contention, and we believe none can be found. The rights of John A. Johnson were not prejudiced by the delay. We think the provisions of the law with reference to the filing of the list with the county auditor, the delivery of such list to the board of county commissioners, and the filing of the copy of the same with the clerk of the district court are not mandatory, but directory, and that the court had jurisdiction to render the judgments. The appellant was not prejudiced by the allowance of the amended answer. The judgments were liens on the land, and so were the taxes. The taxes for the years 1884, 1885, 1887, and 1888 were liens on the real estate under the Compiled Laws of the territory. The taxes assessed for the years 1890 and 1891 were liens on the real estate from the time the judgments were rendered and docketed. The citations introduced in evidence were sufficient proof of the existence of valid and legal taxes. The amendment allowed conformed to the proof.

The appellant contends that there is no competent evidence of the existence of any taxes or tax liens. In this he is mistaken. Sections

57 of chaper 132 of the laws of 1890 provides as follows: "The citation herein provided for shall be prima facie evidence that all of the provisions of law in relation to the assessment and levy of taxes have been complied with, and no omission of any of the things by law provided in relation to such assessment or levy, or of anything required by any officer or officers to be done prior to the issuance of such citation, shall be a defense or objection to such taxes, unless it be made to appear that such omission has resulted to the prejudice of the party objecting, and that such taxes have been unfairly or unequally assessed, and in such case, but in no other, the court may reduce the amount of such taxes and give judgment accordingly." Citations issued for the taxes of each year were introduced in evidence, and were prima facie evidence of the legality of the taxes assessed for those years. See, also, Wells County v. McHenry, 7 N. D. 246, 74 N. W. 241.

Plaintiff's last contention is that there cannot be any lien for the taxes of the years 1884, 1885, 1887 and 1888, assessed under the Compiled Laws of the territory, claiming that section 1239 of the Revised Codes of 1895, being the same as section 1612 of the Compiled Laws of 1887 was repealed by section 110, chapter 126, Laws 1897, without any saving clause, and that the repeal of that law destroyed the lien. In this we think he is in error. The taxes were levied and the judgments entered and docketed while the 1890 revenue law was in force. A lien was thereby fastened upon the land, and was not affected by the repeal of the law under which it had been acquired. True, the taxes for the years 1884, 1885, 1887, and 1888 were not assessed under the 1890 revenue law, but the judgments were entered under that law. Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629.

Finding no error in the record, the judgment appealed from is affirmed. All concur, except MORGAN, C. J., not participating.