The main issue presented on this rehearing is different from any presented on the previous hearings of the case. This is due to the fact that it is urged that, since the last opinion herein was handed down, the right to collect the taxes involved in this case has been withdrawn by the repeal of the statutes conferring the right. We shall now consider whether this right has been withdrawn by repeal, and, if so, what is the effect of the repeal on this case.
The special assessments or forced contributions, imposed and involved herein, were levied under Act 140 of 1902, which amends and re-enacts section 10 of Act 97 of 1890. This section of the Act of 1890, as amended by the Act of 1902, was expressly repealed, following the rendition of our last opinion in this case, by Act 117 of 1928. The Act of 1928, after reciting section 10 of the Act of 1890, as amended by the Act of 1902, enacts that the section so amended "be and the same is hereby repealed." The act then, in its second and last section, reads:
"That all laws, and parts of laws wherein authority is granted to the Atchafalaya Basin Levee District to levy and collect a special assessment *Page 621 
or forced contribution on agricultural products, be and the same are hereby repealed."
The sole purpose of the Act of 1928 is to repeal all laws and parts of laws authorizing the levy and collection of forced contributions or special assessments on agricultural products by the Atchafalaya basin levee district, with specific mention of the repeal of section 10 of the Act of 1890, as amended by the Act of 1902, which is the law that authorized the levy and collection of the tax. The law, therefore, that authorized the levy and collection of the tax, has unquestionably been repealed.
But plaintiff urges that the repeal has no retrospective effect, but applies to only future levies, and the right to collect thereunder. The repeal, we may say, seems to be broad enough to cover the right to collect levies already made.
Touching such repeals, it is said in 25 Ruling Case Law, § 193, p. 940, that:
"The repeal, without a saving clause or provision, of a statute imposing a tax or fee takes away the right to collect an unpaid tax which is due even though a suit to collect the tax is pending. By the repeal of statutes which authorize the making of assessments and the collection thereof, not only the remedy for the collection of an assessment but also the lien or right is taken away, although expenses have been incurred on the faith of such assessment. And nothing less than a plain exception of existing cases or claims from the operation of the repealing act or the continuance of the same system of taxation under new regulations will save such cases or claims from the effect of the repeal. * * *"
In Cooley on Taxation (3d Ed.) p. 21, it is said:
"The repeal of a tax law puts an end to all right to proceed to a levy of taxes under it, even in cases already commenced, unless the right is reserved in the repealing statute; *Page 622 
and statutory remedies for the enforcement of a tax are gone when the statute is repealed without an express saving. * * *"
The repealing statute, in this instance, has no saving clause, preserving taxes not collected and the procedure for their collection. Moreover, the statute shows a clear intention to destroy the right to collect such taxes. Where such is the case, the right to collect taxes already levied is taken away. Everything not fully executed thereunder falls with the abrogated law. Crow v. Cartledge, 99 Miss. 281, 54 So. 947, Ann. Cas. 1913E, 470; Bradstreet Co. v. City of Jackson, 81 Miss. 233, 32 So. 999; St. Joseph County Court v. Ruckman, 57 Ind. 96; City of Augusta v. North, 57 Me. 392, 2 Am. Rep. 55.
Plaintiff, for the purpose of showing that it was not the intention of the Legislature by the repealing act, to affect the collection of taxes already levied, cites City of New Orleans v. Vergnole, 33 La. Ann. 35; Succession of Dupuy, 33 La. Ann. 259; City of New Orleans v. New Orleans Carrollton Railroad Co., 35 La. Ann. 679; and City of New Orleans v. L'Hote Co., 35 La. Ann. 1177.
In the Vergnole Case, the issue was whether an ordinance levying a license tax, adopted prior to the Constitution of 1879, was abrogated by the adoption of that Constitution. The contention was that the ordinance was abrogated by article 206 of that instrument, which prohibited a political corporation from imposing a greater license tax than is imposed by the General Assembly for state purposes. The court held that the article of the Constitution did not have a retroactive effect, and that, for a statute to act retroactively, the intention of the lawmaker in that respect must clearly and unambiguously appear. In the case at bar we think that it does appear that the lawmaker intended that the repealing act should have a retrospective effect as to all local assessments or forced contributions on agricultural products, not collected, *Page 623 
because he took away the right to collect all assessments or contributions on such products which includes those not collected, as well as future assessments.
In the Succession of Dupuy, the question was whether the levy of taxes made by the city of New Orleans, in December, 1879, prior to the time the Constitution of that year became operative, was affected by that instrument, and by a statute adopted pursuant to it, and, adopting the views entertained in the Vergnole Case, the court held that the levy was not affected. For the reason just stated by us, we think that the cited case is not in conflict with the view entertained by us that the right to collect the taxes involved herein has been abrogated.
As relates to the two remaining cases, cited by plaintiff, we find nothing in either of them which militates against the conclusion reached by us, relative to the abrogation of the right to collect the taxes involved in this case. In the New Orleans 
Carrollton Railroad Co. Case, the questions presented were whether Act No. 9 of 1878, authorizing the assessment of taxable property, omitted from the rolls of previous years, was in conflict with article 110 of the Constitution of 1868, prohibiting retroactive legislation, and whether Act 96 of 1882, directing the assessment of stock to shareholders, was retrospective. It was held that the Act of 1878 was not in conflict with the cited article of the Constitution, and that the Act of 1882, as appeared from its wording, was prospective only.
In the L'Hote Co. Case, the question involved was whether property that was subject to taxation, against which a tax was levied while it was subject to taxation, *Page 624 
was relieved from the payment of the tax by the adoption of the Constitution of 1879, which exempted property, of the description involved, from taxation. It was held that the property was not relieved thereby, as the Constitution of 1879 was not retrospective in that respect. The court rested its ruling entirely on the reasoning in the Vergnole Case and in the Succession of Dupuy. Therefore the reasons why we think those cases are not in conflict with the views expressed in the case at bar are applicable to show that those views are not in conflict with the case now under consideration — that is, the L'Hote 
Co. Case.
But plaintiff urges that the repealing act should not be so interpreted as to violate the obligation of a contract, and points out that the Atchafalaya basin levee district has issued bonds, and that the taxes here involved are intended for the purpose of paying, in part, the bonds issued, and are dedicated to that end. It is a fundamental principle that no law can be passed and permitted to stand that violates the obligation of a contract. However, we are not prepared to hold that the repeal of the laws authorizing the levy and collection of this produce tax will affect the payment, in due course, of the bonds issued. The district has other means provided it and set aside for that purpose. It is fair to presume that the Legislature considered this question before passing the repealing act and found that the laws authorizing the collection of the taxes involved herein could be repealed without detriment to the bonds issued.
For these reasons, the judgment appealed from is affirmed. *Page 625